## HOOGLAND v. WATT and others.

W. being seised of lands subject to a mortgage, which had not been executed by his wife, conveyed them to D., his wife joining with him in due form. D. subsequently reconveyed them to W.

*Held,* that the wife's inchoate right of dower was extinguished by the deed to D. and was not restored as against the mortgage by the reconveyance; and that she was dowable of the equity of redemption only.

October 7, 1844.

THIS was a bill to forclose a mortgage executed by A. Watt to the complainant. It appeared that after the mortgage was

given, A. Watt and his wife joined in the execution of a deed, by which they conveyed the mortgaged premises in due form to R. P. Dana. Subsequent to this period and before the bill was filed, Dana re-conveyed the premises to A. Watt. Mrs. Watt put in an answer, claiming her dower right in the whole premises, unaffected by the mortgage. The complainant insisted that she was dowable in the equity of redemption only.

*S. Jones Mumford,* for the complainant.

*C. W. Van Voorhis,* for Watt and wife.

The Assistant Vice-Chancellor, remarked that the proofs show Mrs. Watt joined her husband in the conveyance of the lands in question to Dana ; upon which Dana had the whole title, discharged from any claim for dower, but subject to the complainant's mortgage. When he conveyed to A. Watt, he therefore transmitted the whole title to him, subject to the mortgage. All the right which Mrs. Watt has in the premises, is derived from that conveyance, which vested the equity of redemption and nothing more, in her husband. She has therefore, no interest beyond an inchoate right of dower in the equity of redemption.

Decree accordingly.