Blain *vs.* Harrison.

JOHN L. BLAIN, appellant, *vs.* JANE HARRISON, appellee.

*Appeal from Adams.*

Dower is a right resting in action only, and cannot be assigned.

A widow may release her dower, so as to bar her from asserting the right against the owner in fee, but she cannot invest another with it.

A widow cannot lease her right of dower even to the owner in fee, until after it has been assigned to her.

Dower, before it is assigned, cannot be sold under an execution.

A wife who joins with her husband in a deed, is not a party to the deed, except for the purpose of releasing her dower in the estate conveyed, and is not thereby estopped from setting up a subsequent title.

A wife cannot dispose of her claim for dower, so as to separate it from the principal estate.

A deed inoperative as to the husband, will not operate to bar the right of dower.

An equity cannot be interposed to defeat a right of dower.

Where a widow applies for equitable relief, as to her right of dower, she cannot resist an equitable defence, as against a purchaser for a valuable consideration, who was ignorant of her claim.

This was a petition, filed by the appellee, on the 23d of March, 1847, in the Adams Circuit Court, setting forth her marriage with Daniel Harrison, and his decease; that during said marriage, her husband was the owner in fee simple of divers parcels of real estate, describing it.

The petition recites that Wayman Crow and others, about the year 1842, in the Circuit Court of Adams county, recovered a judgment against the said Daniel Harrison and one Abraham Jonas, for the sum of $3,598; that afterwards, in March, 1845, by virtue of an execution issued on said judgment, certain lands (describing them) were sold and struck off to one Wayman Crow, and that the time of redemption of said lands has expired; that divers other judgments were also recovered against said Harrison, individually, and against him and said Jonas; that John L. Blain, the appellee, and others, claim an interest in said land, who were made parties to the petition; and prays an assignment of dower, which she claims had not yet been assigned to her.

Blain and others answered, admitting the marriage of the petitioner, decease of husband, &c.; and state that they are advised that appellee had not, at the decease of her husband, any right of dower to the lands described in the petition, described as having been sold under the aforesaid execution in favor of Crow and others, and purchased by Crow, because her right of dower was conveyed, transferred and disposed of, long before the death of her husband, by a certain deed of mortgage, em-

bracing the said property alleged to have been sold to said Crow; which said mortgage was duly executed and acknowledged by said Harrison and the appellee, his wife, with relinquishment of dower, according to law.

At the June term, 1848, of Adams Circuit Court, Purple, Judge, presiding, it was ordered and decreed that the appellee was endowed of the lands in question, and commissioners were appointed to assign her dower. The report of the commissioners was afterwards confirmed by Minshall, Judge. Blain, alone, appealed, assigning for error, that decree was for the petitioner, when by law it should have been for the appellant.

WILLIAMS & LAWRENCE, for appellant.

WARREN & SKINNER, for appellee.

We do not deem it important, to look into the evidence to determine whether or not the mortgage was properly executed and acknowledged by Mrs. Harrison, as our decision is based upon the supposition that it was so executed and acknowledged. That mortgage, although purporting to be of the entire estate, was in fact only of the right of redemption, for the mortgaged premises had been previously sold to Crow, under the judgment in favor of himself and others. From that sale, neither party ever redeemed, so that the title to the estate became absolute in Crow; and the estate or right mortgaged, was entirely extinguished, unless the mortgage can operate upon the right of dower alone. After the expiration of the time for redemption, the title of Crow related back to the time when his judgment became a lien upon the premises; and then the mortgage was nothing more than it would have been had the mortgagor himself previously conveyed by deed. The question, then, is, can the wife release her dower, by joining her husband in a deed to one, while he has previously conveyed his estate to another?

The right of dower in a married woman, is a mere intangible, inchoate, contingent expectancy, and even in a widow, until it is assigned, it is no estate in the land, but it is a right resting in action only, and it cannot be aliened. The widow may release her dower, so as to bar herself the right of asserting it against

49

the owner in fee, but she cannot invest any one with it—she alone can get it assigned.    Seymore *vs.* Mentun, 17 John. R., 167 ; Jackson *vs.* Aspill, 2 John. R., 412.    A widow cannot lease her right of dower before it is assigned, even to the owner in fee.    Croade *vs.* Ingraham, 13 Pick., 33.    It cannot be sold under an execution ; and where that was done it was held to be no satisfaction of the judgment.    Gouch *vs.* Atkins, 14 Mass., 378.    So that neither by the process of the law, nor by the voluntary act of the dowress herself, can the right of dower be transferred, so as to vest the right to have it assigned in another. If she can confer no right, she cannot part with any.    She may release this right, it is true, but only so as to unite it with the fee. If the law is so jealous of this right in a widow, where it has become fixed and certain by the death of the husband, as to hold her incapable of conveying it, with how much more reason may it forbid a wife from vesting in another her right, which is but a contingent expectancy.    The former is supposed to be under no restraint, and may, generally, do with her own as she will ; the latter is incapable of parting with a right, except in the particular mode authorized by the law.    But it is the nature of the right which renders it incapable of alienation.

A wife who joins in a deed with her husband, is not a party to the deed, except for the purpose of releasing her dower in the estate conveyed by the husband, and is not estopped from setting up a subsequent title.    In Walker *vs.* Griswold, 6 Pick., 417, the wife had joined in the execution of a mortgage, and the Court said : " The release was coextensive with the mortgage ; it extended no further, and, consequently, the right of dower continued, subject only to that incumbrance."    When the incumbrance ceases as to the estate mortgaged, it necessarily ceases as to the right of dower.    When the deed from husband and wife becomes inoperative as to the husband's estate, as being void for having been made to defraud creditors, or where the purchase money is recovered back for a defect of title in the husband, dower is not barred by the deed.    Simson *vs.* Sumner, 9 Mass., 143 ; Robinson *vs.* Bates, 3 Metcalf, 45.    From the very nature of the right, a wife cannot dispose of her claim for dower, so as to separate it from the principal estate.    The policy of the law forbids it. If a wife could alien her contingent claim for dower to one, while the husband sells the fee to another, or retains it himself,

it would lead to intolerable embarrassments in the conveyance of estates. But we need not go to the common law, or the decisions of Courts, to find this rule. If any doubt could otherwise be entertained, our own statute, we think, has settled the question. By the common law, a wife could only release her dower by joining her husband in levying a fine, when she was examined by the judges apart from her husband. Our statute has substituted a simpler mode of accomplishing the same object; and it is by our statute alone that a wife can release her dower in this state. By sec. 21, chap. 24, R. S., it is provided that, "it shall and may be lawful for any married woman to release her right of dower of, in, and to any lands and tenements whereof her husband may be possessed or seized, by any legal or equitable title during coverture, by joining such husband in the deed or conveyance for the conveying of such lands and tenements, and appearing and acknowledging the same," &c. The section then particularly prescribes the manner in which her acknowledgment shall be taken and certified; and, in conclusion, provides, that the deed thus acknowledged, when recorded, "shall be sufficient to discharge and bar such woman to dower in the lands and tenements conveyed by such deed or conveyance." In this the intention of the Legislature is manifest, to pursue the policy of the common law, and not allow the wife to alien her right of dower, so as to separate it from the principal estate. By this statute, dower is not barred in the lands and tenements described in the deed; but in such only as are conveyed by such deed. If the deed is void, or becomes inoperative as to the husband, or conveys no lands or tenements for want of title in him, then it is not allowed to operate so as to bar the right of dower in the wife. Such is the unquestionable rule of law; but it may be said that in a Court of Equity, effect should be given to her transfer or release of this legal claim, by treating her as trustee, and allowing the assignee to use her name to have the dower assigned for his benefit. But the very admission that the assignee must use her name in a Court of Equity, shows that he has no right which equity will recognize; for in this Court, a party who has a right may assert it in his own name. Besides, this would be equally against the policy of the law and the provisions of the statute. Although Courts of Equity have a concurrent jurisdiction with Courts of

law, in the assignment of dower, yet, in the exercise of that jurisdiction, they always treat it as a strictly legal right, and are governed by the same rules of right by which the Courts of law are controlled, and will not allow an equity to be interposed to defeat the dower. Mundy *vs.* Mundy, 4 Bro. Ch. R., 298; 2 Ves., jr., 122; 1 Story's Eq., sec. 624. Dower is favored as well in law as in equity. 1 Story's Eq., sec. 626; Curtes *vs.* Curtes, 2 Bro. Ch. R., 620. In vindicating Courts of Equity in rejecting an equitable defence in such cases, Judge Story says: "It is admitted that dower is a mere legal right, and that Courts of Equity, in assuming a concurrent jurisdiction with Courts of law upon the subject, professedly act upon legal principles." Story's Eq., sec. 630. Whether the same rule would obtain where the widow, under our statute, was asserting a right of dower in premises to which her husband had only had an equitable title, it is unnecessary now to say. Where the widow applies for equitable relief, which a Court of law could not grant, as the removal of terms, &c., then she cannot resist an equitable defence, as against a purchaser for a valuable consideration, in ignorance of the existing claim of dower. 1 Roper's Law of Baron and Feme, 446–7. In this case, the widow is seeking to enforce her strictly legal right; asking no equitable relief, and none which could not be granted by a Court of law; and we cannot listen to a defence which would not be available in a Court of law. As the husband only owned a right of redemption, that was all that passed, or was incumbered by the mortgage, and to no greater extent was the dower released. That right was suffered to expire by the lapse of time, when the mortgage became inoperative; and when it ceased to be a conveyance of the husband's estate, it could no longer operate upon the wife's dower. As the mortgagees take no estate in which the widow had a right of dower, they acquired no such right from her. She does not ask to have dower assigned in any estate vested in them by the mortgage which she executed, but in the estate vested in Crow, by virtue of a previous sale, under a judgment and execution; which it is not pretended could affect her dower. Crow took the estate subject to her right of dower, and now makes no objection to her claim.

One of the defendants in his answer says, that he is the assignee of a bond, given by the husband in his life-time, for a deed

for a portion of the premises in which dower is claimed, not embraced in the mortgage; but even admitting that the wife could have barred her dower by joining in that bond, as there is no pretence that she did, it presents no impediment to the relief which she asks.

The decree of the Circuit Court is affirmed, with costs.

*Decree affirmed.*