## Robert McKee

### v.

## Ruth Brown.

1. RECOGNIZANCE — *lien on real estate.* A recognizance is not a lien on real estate, until there is a judgment of forfeiture and an award of execution on a *scire facias*, or until a judgment in debt is recovered on the recognizance.

2. SAME — *sale before lien attaches.* A sale by the principal recognizor, before the lien of the judgment on a recognizance attaches, passes the title, and a sale under an execution upon such a judgment does not divest such title, nor does the purchaser under such a sale acquire any title as against the prior vendee who has recorded his deed before the lien of the judgment attached.

3. Dower — *barred by subsisting title.* Where a person was recognized to appear and answer to a criminal charge, and, he being joined by his wife, conveyed real estate in fee to his bail, or another, to secure his sureties, and fails to appear, and the recognizance is forfeited, and the holder of the title of such land, supposing a city to be entitled to the forfeiture, conveyed the premises to the city in satisfaction of the forfeiture ; but, the forfeiture being afterward claimed by the school commissioner, and purchased in by both under the execution on the judgment recovered on the recognizance, and the deed was, under the order of court, made to the school commissioner, who conveyed it to another person, and where it appeared, that the person recognized to appear to answer the criminal charge had died ; *Held,* in a proceeding instituted by his widow, against the purchaser from the school commissioner, for dower in the premises, that she was estopped by the conveyance of the property by her and her husband to indemnify his sureties, and, that defendant might set that and subsequent conveyances up as an outstanding title to defeat her recovery. That until that title is set aside as fraudulent, or otherwise, she had no claim to dower in the premises.

Writ of Error to the Circuit Court of Sangamon county ; the Hon. Edward Y. Rice, Judge, presiding.

This was a petition, filed by Ruth Brown, for the assignment of dower, in two lots in the city of Springfield, in the Sangamon Circuit Court, against Robert McKee. It appears, that petitioner was the widow of Delos W. Brown, who was, in the autumn of 1853, recognized to appear at the next term of the Circuit Court to answer a charge of manslaughter. That in November, 1853, he and petitioner executed a deed conveying the lots to one James Rayburn, to hold the title subject to the order of Brown. After the execution of this deed, Brown left the State, and the recognizance was forfeited.

Subsequently, a controversy arose between the city of Springfield and the county of Sangamon, as to which was entitled to the property under the forfeiture. Rayburn wrote Brown, advising him to let the city have the property, when he directed its conveyance to the city, which was done by Rayburn conveying to Brown and he to the city. An action of debt was instituted on the recognizance, and a judgment recovered ; execution was issued and the property purchased by both the city and county. The question was submitted to the Circuit Court, when an order was made, that the sheriff execute a deed

to the school commissioner of the county, which he did. He afterward sold the property for the benefit of the fund, and defendant became the purchaser and received the conveyance. No steps appear to have ever been taken to cancel the title held by the city, or to procure a conveyance of their title, to defendant.

The court below found, that the petitioner was entitled to dower in the premises, and it appearing that the property was not susceptible of a division, a jury were impaneled to ascertain the yearly value of the widow's dower in the premises. They returned a verdict, fixing it at sixty-four dollars per annum, and the court thereupon rendered a decree, that defendant pay that sum annually, during the life of petitioner. He thereupon prosecutes this writ of error, to reverse the decree.

Mr. James C. Conkling, for the plaintiff in error.

Mr. E. B. Herndon, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

Two questions have been discussed in this case, — first, whether defendant in error has dower in the premises; and, secondly, if she has, whether the yearly value of the same has been fixed on a proper basis. We only deem it necessary to consider the second. It appears that Delos W. Brown, the husband of defendant in error, owned the premises in fee in his life-time, and, that she is his widow. It also appears that Brown, on the 6th day of October, 1853, was recognized by two justices of the peace of Sangamon county, to appear at the next November Term, to answer a charge of manslaughter; that immediately afterward he conveyed the premises to James Rayburn, defendant in error joining in the deed and relinquishing her dower, and he then left the county. This deed was recorded in the proper office in Sangamon county, on the 27th day of December, 1853. It appears that the recogni-

zance was afterward forfeited, but whether at the next or a subsequent term does not appear.

An action of debt was afterward brought on this forfeiture and a recovery had, execution was issued and the premises sold. They were bid in by the city of Springfield, and the school commissioner of the county, both claiming that they were entitled to the forfeiture. The premises not having been redeemed, the question was submitted to the Circuit Court, when it was ordered, that the sheriff convey to the school commissioner. The deed was accordingly executed, and he afterward sold the premises, and plaintiff in error became the purchaser.

It also appears, that Rayburn conveyed to Jacob Bunn, and he afterward conveyed to the city of Springfield. The evidence shows that Rayburn paid no consideration for the premises, and that, for the purpose of discharging the recognizance, Rayburn conveyed to Bunn for the city, and he received no consideration when he transferred his title to the city.

In the case of *Shattuck* v. *The People*, 4 Scam. 447, it was held, that, before the estate of the recognizor was bound by the recognizance, there must be, not only a failure to perform the condition, but an award of execution for the penalty, in a proceeding by *scire facias*, or a recovery of a judgment for the penalty in an action of debt; that the recognizance does not, by its own force, become a lien on the estate of the person entering into it, but the lien depends altogether upon the statute. And we are aware of no statutory provision which has declared that a recognizance shall become a lien on the property of the cognizor. It has, however, provided that judgments shall be a lien on the lands of defendants after the last day of the term. It would, then, seem that in this case the lien under the recognizance did not attach until the judgment was recovered on the recognizance; and, although the date of that recovery does not appear in this record, we conclude that it was not until after the deed to Rayburn was executed and recorded.

Then, if this conveyance to Rayburn is valid and binding,

of which we give no opinion, plaintiff in error did not acquire the legal title. It appears to be in the city of Springfield. And whether plaintiff in error has an equitable right to have this legal title conveyed to him, is not before the court. Nor is the question whether defendant in error has the right to have those conveyances set aside and canceled for fraud, properly before us for determination. Until the city of Springfield was made a party to a bill properly framed, these questions cannot be determined. So long as the conveyances through which the city claims remain uncanceled, the legal title is in the city. And, as defendant in error relinquished her dower by the deed to Rayburn, through which the title passed to the city, we can see no reason why she should be permitted to recover dower in the premises against plaintiff in error. So long as it subsists, he may set it up as an outstanding title in which defendant in error has relinquished her dower. Until that title is avoided by defendant in error for fraud or otherwise, she is estopped from claiming dower in the premises. The validity of the legal title vested in the city cannot be questioned in a proceeding in which that municipality is not a party. The decree of the court below must therefore be reversed and the cause remanded.

*Decree reversed.*