SARAH E. ELMENDORF, Appellant, *v.* PHILIP V. D. LOCKWOOD et al., Respondents.

Where a wife joins with her husband in a conveyance of his lands, which is properly executed by her, is effectual and operative against him, and is not superseded or set aside as against him or his grantee, her inchoate right of dower is thereby forever extinguished for all purposes and as to all persons. (REYNOLDS, C., dissenting.)

Even if such a conveyance, at the time of its execution, only operates against her by way of estoppel, at the death of her husband her interest is released as effectually as if she had been a widow when the conveyance was executed; and she cannot assert it, even as against a stranger, to the grantee. (REYNOLDS, C., dissenting.)

Where, therefore, plaintiff joined with her husband in a deed of his lands upon which there were certain mortgages, which mortgages were foreclosed and the lands sold leaving surplus-moneys, before the distribution of which the husband died, *held*, that plaintiff had no dower right in the surplus. (REYNOLDS, C., dissenting.)

(Argued January 10, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of the defendants entered upon the decision of the court at Special Term.

This action was brought by plaintiff to recover a dower right in surplus moneys arising upon foreclosure sale.

In July, 1854, Nicholas Elmendorf, husband of plaintiff, owned several parcels of land situate in the county of Ulster, upon which there were existing three several mortgages given for purchase-money. There were, also, some judgments outstanding against him in favor of defendant Russell. On the 28th day of July, 1854, the plaintiff united with her said husband in the conveyance of said premises by warranty deed to John Van Vechten, who is not a party to this action. The several mortgages were owned by defendant Duflon, and were foreclosed by him while plaintiff was the wife of Nicholas Elmendorf, and there were surplus moneys arising upon the sale under each of said mortgages. Nicholas Elmendorf subsequently died in May, 1863, leaving the plaintiff, his widow. She then, before the distribution of the surplus moneys, commenced this action.

*Erastus Cooke* for the appellant. When the deed was executed plaintiff had no interest in the land upon which it could operate. (*Lawrence* v. *Miller*, 2 Comst., 254; *Green* v. *Putnam*, 1 Barb., 506; *Moore* v. *Mayor, etc., of N. Y.*, 4 Seld., 113.) The deed is operative only as an estoppel. (1 Washb. R. P., 200, 250.) As an estoppel it is only effectual between the parties to it or their privies. (*Jewell* v. *Harrington*, 19 Wend., 472; *Welland Canal Co.* v. *Hathaway*, 8 id., 484; *Riley* v. *Bennet*, 11 Mass., 298; *Robinson* v. *Bates*, 3 Metc., 40; *White* v. *White*, 1 Harr., 215; *Blaine* v. *Harrison*, 11 Ill., 384; *Summers* v. *Babb*, 13 id., 483; 1 Washb. R. P., 202, 203; *Johnson* v. *Shields*, 32 Me., 424; *Harriman* v. *Gray*, 49 id., 537; *Wyman* v. *Fox*, 59 id., 100.) Plaintiff is entitled to dower in the surplus arising from the foreclosure sale. (*Wheeler* v. *Morris*, 2 Bosw., 524; *Mills*

v. *Van Voorhees*, 20 N. Y., 412, 420; S. C., 23 Barb., 125; *Denton* v. *Maury*, 8 id., 618–628; *Mathews* v. *Dureyea*, 45 id., 69; *Vartie* v. *Underwood*, 18 id., 564.)

*M. Schoonmaker* for the respondents. The execution of the deed by plaintiff with her husband operated as a bar and extinguishment of her dower in the premises. (2 Cruise Dig., 452, tit. 16, "Remainder," §§ 19, 20; 3 Bac. Abr., 444, tit. "Leases O.;" *Tremain* v. *Lawrence*, 1 Salk., 276; *Weak* v. *Lowe*, Poll., 66.) The deed by plaintiff, upon the death of her husband, ceased to operate merely by estoppel but passed an interest and title in the land. (*Somers* v. *Skinner*, 3 Pick., 52; *Christmas* v. *Oliver*, 10 B. & C., 181; *White* v. *Patten*, 24 Pick., 324; *Tompkins* v. *Fonda*, 4 Paige, 448.)

EARL, C. During the lifetime of the husband, the wife has an inchoate right of dower in all the lands of which he becomes seized. This right is not an estate in the land, but is a mere contingent interest which attaches to the land as soon as there is the concurrence of marriage and seizin. This interest becomes fixed and certain upon the death of the husband, his wife surviving; and after assignment of the dower, becomes a freehold estate in land. During the marriage, no act of the husband alone could, at common law, bar or extinguish this interest; and the usual mode of accomplishing this end, in England, was, by husband and wife uniting in levying a fine or suffering a common recovery. (2 Bl. Com., 137; 4 Kent's Com., 51.) The usual way of barring dower in this country, by the voluntary act of the wife, has always been by her joining with her husband in a deed of conveyance of the land properly acknowledged. (4 Kent, 60; 1 Washburn on Real Prop., 199.) This mode of doing it was, at an early day in this State, recognized by statute (2 R. L., 57, 59, §§ 4, 10); subsequently embraced in the Revised Statutes (1 R. S., 742, § 167), which provide "that no act, deed or conveyance, executed or performed by the husband, without the assent of his wife, evidenced by her

acknowledgment thereof, in the manner required by law to pass the estates of married women," shall prejudice her right to her dower, or preclude her from the recovery thereof, if otherwise entitled thereto. The fair inference from this provision is, that, if she unites with her husband, and thus gives her assent in the mode prescribed by law, she is thereafter precluded from recovering her dower; and such has always, I believe, been the general understanding of the profession, in this State. When she has united in the conveyance her dower is said to be barred, relinquished, extinguished, removed. Such is the language of Kent, and other legal writers. Judge WILLARD, in his work on real estate (p. 61), says: "The inchoate right to dower is, in this State, an incumbrance upon the estate of her husband, which is usually *removed* by her uniting with him in the deed, and acknowledging the execution thereof." And (at page 64): "The object of uniting the wife with the husband, in his conveyance of land to a third person, is, to *extinguish* her inchoate right of dower."

During coverture, the wife's inchoate right of dower is incapable of being transferred or released, except to one who has already had, or by the same instrument acquires an independent interest in the estate. Hence, when the deed of the husband is for any reason void, or is set aside or superseded, so as to become inoperative, the wife's dower, although she joined in the conveyance, is not barred. (*Malloney* v. *Horan*, 49 N. Y., 111.) But in all cases, when the wife unites with her husband in a conveyance, properly executed by her, which is effectual and operative against her husband, and which is not superseded or set aside as against him or his grantee, her right of dower is forever barred, and extinguished, for all purposes and as to all persons; and to the contrary of this proposition our attention has been called to no authority in this State.

It is claimed, however, on the part of the plaintiff, that inasmuch as the wife has no estate in the land, nothing but a contingent interest, her deed cannot operate as a convey-

ance, but simply by way of estoppel; and hence, that it is binding upon her, only, in favor of the grantee and those who hold under him as privies in blood, law or estate, in whose favor only the estoppel runs. I deny that her deed can operate only by way of estoppel. Under the law, as it has always been understood and administered in this State, her dower is released and extinguished, and the whole estate released therefrom is vested in the grantee. But if we admit that the deed can only operate against the wife, by way of estoppel, during the lifetime of the husband, we reach the same result. Whenever a conveyance of a contingent interest operates only by way of estoppel, as soon as the contingency has happened and the estate becomes certain and vested, it feeds the estoppel, and what was before an estate by estoppel only, becomes an estate in interest, and of the same effect as if the contingency had happened before the conveyance was made. (*Rawlin's case,* 4 Coke, 52; *Weale* v. *Lower,* Pollexf., 54; *Trevivan* v. *Lawrence,* 6 Md., 258; *Vick* v. *Edwards,* 3 P. Wms., 372; *Doe* v. *Oliver,* 10 Barn. & Cress., 181.) After the death of the husband, the widow's right to dower is no longer contingent; she then has a certain interest in the land which she can release to the owner of the fee by any conveyance properly executed to pass such an interest. If she has, before the death of her husband, united with him in a conveyance — conceding that such a conveyance at the time of its execution operated, as against her, only by way of estoppel — at his death, the contingency having ceased, and her interest having become certain, the estoppel is fed, and her interest is released as effectually as if she had been a widow when her deed was executed. In this case, therefore, upon the death of her husband, the plaintiff had a certain interest in the surplus moneys, which she could assign or release, and which could have been reached by her creditors in equity. (*Tompkins* v. *Fonda,* 4 Paige, 448; *Stewart* v. *McMartin,* 5 Barb., 438; *Moak* v. *Coats,* 33 id., 498.) And this interest became vested in Van Vechten as effectually as if she had assigned or released it to him after she became

a widow.   She, therefore, had no cause of action against the defendants.

The case of *Hoogland* v. *Watt* (2 Sand. Ch., 148), is an authority directly in point, sustaining the conclusion I have reached.   In that case W. being seized of lands subject to a mortgage which had not been executed by his wife, conveyed them to D., his wife joining him in due form.   D., subsequently, reconveyed them to W., and it was held that the wife's inchoate right of dower was extinguished by the deed to D., and was not restored, as against the mortgage, by the reconveyance; and that she was dowable of the equity of redemption only.   If, in that case, the deed to D. could only operate by way of estoppel, then the mortgagee, an entire stranger to that deed, and in no way in privity with D., could not have had the benefit of the estoppel, and the wife would have been entitled to dower in the whole premises, instead of the equity of redemption only; and hence, the learned vice-chancellor must have held that her dower interest was absolutely extinguished by that conveyance.   That case has been reported twenty-seven years, and yet, so far as I can discover, has never been criticised or questioned.   It is the decision of an able judge; and having been unchallenged for so long a time, is entitled to respect as an authority for the defendants.

The judgment must, therefore, be affirmed, with costs.

DWIGHT, C.   The action in this case is brought to recover surplus moneys remaining after a foreclosure in the hands of mortgagees.   It is admitted, that the plaintiff, by joining with her husband, had released her right of dower to one Van Vechten, and that as between her and Van Vechten, the estate was wholly in him.   It is, however, claimed, that this fact cannot be set up as between the plaintiff and the mortgagees, who do not claim under Van Vechten's title.   When the release was made, the plaintiff's right of dower was inchoate.   When the action was commenced her husband was dead, and she had a vested right to dower, assignable in equity.

This case raises a question, as to the true effect of the union of the wife with the husband in a release of dower. Some light may be shed upon it, by considering the nature of a fine in the English law, for which the present system of private acknowledgments is a substitute, and from which it was borrowed. (*Morris* v. *Sargent*, 18 Iowa, 99 ; 3 Washburn on Real Property, 281.) Mr. Preston says : " Strangers to the fine, that is, persons not parties to it, may avail themselves of the fine, to preclude the title of the cognizor in the fine, and a party will not be allowed, in opposition to his own fine, to assert a title to the land." (Vol. 1, on Conveyancing, 209.) He adds : " The consequence is the fine inures to the benefit of the persons, etc., to whom the right might have been released, exactly the same as if the fine had been a release. Hence, the resolution in *Buckler's case* (2 Coke, 55, *a*), that if a disseizee levy a fine to a stranger, the disseizor shall hold the land forever, for the disseizee against his own fine cannot claim the land * * * and by the fine the right is *extinct*, whereof the disseizor shall take advantage." (*Moore's case*, 2 Rolle, 312.) The fine operates as an extinguishment of the disseizor's right. (*Edwards* v. *Rogers*, Sir W. Jones, 456 ; 1 Preston on Conveyancing, 301–306.)

It is sometimes said that an acknowledgment barring a right of dower only operates by way of estoppel, and that as estoppels are reciprocal, a stranger cannot take advantage of it. But the fine, for which the acknowledgment is a substitute, operated only by way of estoppel, and yet, as has been shown, it extinguished the right. There is, thus, a well settled distinction between a simple release and an estoppel by way of fine. A fine levied by a person who has no title, but who afterward becomes heir, will be an estoppel to his claim as heir, and yet, a release by deed would not have barred his title. The principle seems to be, that the fine accompanies the estate and becomes a muniment of title, and may be resorted to by any one who happens to be in possession of the estate. These views would prevail in the case of dower while it is still inchoate. The argument would be

yet stronger after the husband's death. The estoppel would then work a transfer of the estate to the vendee under the husband's conveyance. (*Lampt's case*, 10 Coke, 46, *b*; *Helps* v. *Hereford*, 2 B & A., 242.) In the case last cited, there was a conveyance by an heir apparent, under a fine, which was held to work a title when the estate accrued to him. Under this principle, the right of dower would be released to the owner of the fee. (*Elwood* v. *Klock*, 13 Barb., 50.)

On this ground, it is clear that a claimant of the land can avail himself of the release, though not claiming under the same title. (*McKee* v. *Brown*, 43 Ill., 130.) In that case, a husband and wife had made a conveyance to one Rayburn, and the title, through intermediate transfers, commencing with that of Rayburn, had vested in a city. County authorities claimed the same land, under a title derived through a forfeiture of the husband's interest, and conveyed such estate as they had to one McKee, who was put in possession. It was held, that until the conveyance to Rayburn was set aside for fraud, McKee could set up the outstanding title in him (Rayburn) as a bar to the widow's claim, and that she was estopped by her release, though McKee did not claim under Rayburn's title. In other words, so long as the conveyance to Rayburn stood unimpeached, the widow could make no claim for dower against a mere stranger in possession. This case decides that a release accompanying the husband's conveyance absolutely extinguishes dower, so long as that conveyance remains in force, as for example, is not canceled or set aside. Put the case in this form: Suppose that a husband makes a conveyance with intent to defraud his creditors, and his wife unites with him, and that the *creditors take no proceedings to set the conveyance aside*. A stranger in possession can, under these circumstances, make a successful defence against the widow's claim for dower.

The real point in all such cases as *Malloney* v. *Horan* (49 N. Y., 111); *Robinson* v. *Bates* (3 Metc., 40); *Woodworth* v. *Paige* (5 Ohio St., 70), is this: The husband and wife having united in a conveyance which is fraudulent as to

creditors, and that conveyance *having been set aside* as to the husband, the conveyance as to the wife's right of dower became a release to a stranger to the title; in other words, the releasee had no interest except that which he derived from the wife. The act of setting the husband's conveyance aside on the ground of fraud, made that void from the beginning, so that the wife's release could not be affirmed to be made to a person having an estate in the land. The decisions just referred to all rest upon *Pixley* v. *Bennett* (11 Mass., 298), where the sole point was that a wife could not release her dower to a stranger to the title. There is no case opposed to *McKee* v. *Brown* (*supra*), where the title still continues in the grantee undisturbed.

The plaintiff's counsel rested on *Blain* v. *Harrison* (11 Ill., 384) and *Summers* v. *Babb* (13 id., 483), as holding that the release of dower must, to be valid, be made to the owner of the fee. From this proposition he argued that, as the mortgage had been foreclosed, and the fee sold under the paramount title, the release of dower did not take effect, as these circumstances occurred before the husband's death. The cases on which he based this doctrine have been disavowed by the court which rendered them. (*Chicago Dock Co.* v. *Kinzie*, 49 Ill., 289, 294.) It is held in that case that the release may be made to a tenant for life, remainderman, reversioner or equitable owner, and that it is not indispensable that the releasee should have the legal fee. This is deemed to be a sound rule. In the case at bar, Van Vechten must be deemed to be the equitable owner, as the surplus moneys, as between him and the plaintiff, belong to him, and under the doctrine of equitable conversion, must be regarded as land. Accordingly, the estoppel, if not equivalent to a release during the husband's life, on his death, extinguished the dower in favor of the equitable owner, and the rule in *McKee* v. *Brown* applies. The mischief of any other rule is apparent. If the widow is allowed to recover this money, she is under an immediate duty to pay it over to Van Vechten as his trustee. The litigation is thus made fruitless

and unmeaning, while there is danger that the rights of Van Vechten may be impaired by the insecurity of the fund and its exposure to loss.

The judgment should be affirmed.

All concur except REYNOLDS, C., dissenting.

Judgment affirmed.