79  517
125  213

# ARBELLA ADAMS

*v.*

# HIRAM ADAMS *et al.*

1. STATUTE OF FRAUDS—*declaration of trust in relation to land, must be in writing.* Where the owner of real estate conveyed the same voluntarily, and without any imposition, undue influence or fraud, to another (his wife joining in the deed and releasing her dower), and at the same time execu-

ted his will, by which he devised certain sums of money to be paid at specified times after his death, and the grantee in the deed received the same with instructions to sell the land after the death of the grantor, and from the proceeds thereof to pay the legacies named in the will, and no other writing was ever executed by either the grantor or the grantee in the deed in relation thereto, it was *held*, that the trust created was an express trust, and within the Statute of Frauds, and therefore void, and that it was error to decree that the testator in the will and grantor in the deed died seized of an equitable estate in the premises, and that the same should be sold subject to the dower of his widow.

2. EXECUTION OF TRUST—*without the aid of a court of chancery.* In such a case the grantee holds the legal and equitable title to the land, and can sell and convey it without invoking the aid of a court of equity to enable him to do so, and when he has done so there is no reason why he may not dispose of the proceeds according to the agreement between him and the grantor at the time the deed was executed as well without a decree of court as with one, and a bill filed by the grantee for the purpose of obtaining a decree for that purpose should be dismissed.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. WOODRUFF BROS., for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Arbella Adams, appellant, in the circuit court of Whiteside county, against appellees, for the purpose of obtaining a decree declaring certain lands conveyed to appellant by Elisha A. Adams and his wife, to be held in trust for the payment of certain legacies, and that the lands be decreed sold, and the proceeds distributed among certain legatees of the said Elisha A. Adams, deceased, according to the tenor and effect of his will.

Upon the hearing the court decreed that appellant hold the lands in trust for the estate of Elisha Adams, deceased, subject to the disposition of his estate as made by his last will and testament, in the same manner and to the same extent only as the testator could dispose of any other equitable estate owned at his death; that appellant qualify and give bond as executor of the estate of Elisha Adams, deceased;

after which he is directed to sell the lands, on certain terms specified, at public auction, the sale to be made subject to the widow's interest.

The question presented is, whether the decree was authorized by the facts, which are briefly these:

On the 11th day of October, 1871, Elisha A. Adams executed his will, by which he devised to appellees and his widow certain sums of money, to be paid at specified times after his death. On the same day he and his wife executed and delivered to appellant a deed, absolute on its face, conveying the lands described in the bill to him.

Appellant received the deed with instructions from the grantor, Elisha Adams, after his death, to sell the lands, and from the proceeds of the sale pay the legacies named in the will.

It also appears that no other writing was executed by Elisha A. Adams or appellant at the time the deed and will were made, or at any other time, in relation thereto.

Section 9 of the Statute of Frauds provides that "all declaration or creations of trusts or confidences of any lands or tenements, or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of no effect: *Provided,* that resulting trust or trusts created by construction, implication or operation of law need not be in writing, and the same may be proved by parol."

It is not claimed that the alleged trust in this case is a resulting trust, or one created by construction, implication or operation of law, but it is said to be an express trust; as such, however, it falls within the act and is void.

The conveyance was made to appellant without any solicitation on his part; no imposition, undue influence or fraud was used; but, on the other hand, Elisha A. Adams and his wife voluntarily made the conveyance, and appellant verbally promised to hold the property in trust for certain per-

sons until a specified time, and then sell the same and divide the proceeds.

· No citation of authorities is necessary to show that this falls within that class of cases where a court of chancery will not lend its aid to carry out and enforce the parol agreement.

It is, however, said that, notwithstanding the deed to appellant was absolute, and no trust was created, yet the filing of the bill by appellant was such a recognition and declaration of the trust as will meet the requirements of the statute, as it was in writing and signed by him.

It was held by this court, in *McLaurie* v. *Partlow*, 53 Ill. 340, that trusts may be declared in the deed conveying the property, or by the grantee in a separate deed or written instrument signed by him, and this is in harmony with the current of authorities.    See Perry on Trusts, sec. 81, and cases there cited.

But while this may be conceded to be the law, we are unable to perceive any reason why appellant should invoke the aid of a court of equity to assist him to carry out the wishes of the grantor in the deed, or the verbal promise he made when he accepted it.

Appellant holds the legal and equitable title to the land. He has full and ample power to sell and convey the premises without invoking the aid of a court of equity.

Should he sell the premises and realize the money therefor, he knows the wishes of the grantor in the deed as to the distribution of the proceeds, and we perceive no reason existing to prevent such a distribution as was agreed upon by and between him and the grantor as well without a decree of court as with one.

The decree rendered in the circuit court was erroneous in decreeing that Elisha A. Adams died seized of an equitable estate in the premises, and in directing a sale subject to the dower of Nancy Adams, the widow of the deceased.

The deed made by Elisha A. Adams and his wife to appellant vested the legal and equitable title in the latter. The

deed was absolute.in terms, and the record contains nothing to impeach it.   The grantor, therefore, at the time of his death, had no estate, either equitable or legal, in the premises conveyed.

Upon what ground the court decreed a sale subject to dower we do not understand.

The deed executed by Elisha A. Adams and Nancy, his wife, in which the latter expressly relinquished dower, was in evidence, and until the deed is impeached or set aside, it must be regarded as conclusive that the dower rights of the widow were relinquished.   *McKee* v. *Brown,* 43 Ill. 130.

While it is true the widow, Nancy Adams, was not before the court, and no decree could be rendered that would conclude her rights, yet, under the evidence, it was error to render a decree which would in effect give her the right of dower in the premises, which she had expressly relinquished by deed of conveyance.

For the errors indicated the decree will be reversed and the cause remanded, with directions to the circuit court to dismiss the bill.

*Decree reversed.*