ELIZABETH KAUFFMAN

v.

JONATHAN PEACOCK ET AL.

DOWER—REAL ESTATE CONVERTED INTO PERSONALTY.—A wife joined
with her husband in the execution of a trust deed to one A, as trustee for
B, to secure a note given by the husband to the latter, for $3,100, convey-
ing certain lots, no part of the indebtedness being her own; subsequently
the husband absconded, when creditors of the husband sued out writs of
attachment and levied the writs on the real estate included in the trust
deed, most of which attachments passed into judgments. The realty was
sold under the trust deed by A, and there was realized $3,820.06 over and
above the sum necessary to pay note, mortgage and costs of sale, which was
garnisheed by creditor C, in the hands of the trustee A, to answer the attach-
ment of C. The wife files her bill in equity against the trustee and all the
said creditors, claiming dower in and to one third of the surplus, and praying
the court to take jurisdiction of the matter until her husband's death, etc.
*Held,* that as against such claim as is attempted to be enforced here, the sur-
plus in question is personal property and not realty. The wife has no dower
in it.

APPEAL from the Circuit Court of Winnebago county; the
Hon. JOSEPH M. BAILEY, Judge, presiding. Opinion filed
August 7, 1885.

Mr. A. D. EARLY and Mr. H. W. TAYLOR, for appellant;
that dower, inchoate or absolute, is an interest in land
and is favored in law, cited Sisk v. Smith, 1 Gilm. 510; 1
Story, Eq., § 627; In re Cipperly, 44 Barb. 370; Ketchum v.
Shaw, 28 Ohio, 506; Buzick v. Buzick, 44 Ia. 259; Huzleman
v. Hazlett, 55 Ia. 256; Huston v. Seeley, 27 Ia. 197; Farwell
v. Johnston, 34 Mich. 342; Bissell v. Taylor, 41 Mich. 702;
Rhoades v. Davis, 51 Mich. 309; Conover v. Porter, 13 Ohio,
45; Adams v. Beal, 19 Ia. 61; Davis v. Witherell, 13 Allen,
60; Madigan v. Walsh, 22 Wis. 478; Weston v. Weston, 46
Wis. 134; Damon v. Moon, 48 Mich. 510.

In joining the husband in the execution of the mortgage
appellant released her contingent right of dower, for the single
and limited purpose of securing the payment of her husband's

mortgage debt, retaining her right of dower in the surplus land, or, if all the land should be sold under the mortgage, in the surplus proceeds of the land, such surplus proceeds standing for the surplus land, by virtue of the doctrine of equitable conversion: McArthur v. Franklin, 15 Ohio St. 493; Denton v. Nanny, 8 Barb. 618, 625, 626; Matthews v. Duryea, 45 Barb. 69; Hawley v. Bradford, 9 Paige, 200; 1 Scribner on Dower, 478, 481, § 26–30; Bank of Ohio v. Hunt, 21 Ohio St. 509; Maloney v. Horan, 49 N. Y. 116; Jacques v. Ennis, 25 N. J. Eq. 402; Vreeland v. Jacobus, 19 N. J. Eq. 231; Wheeler v. Kirtland, 27 N. J. Eq. 534; De Wolf v. James, 11 R. I. 630; Tyler on Infancy and Coverture, § 395.

Mr. N. C. WARNER, Mr. J. C. GARVER, Mr. R. F. CRAW-FORD, Mr. C. M. BRAZEE and Mr. C. A. WORKS, for appellees; that before the death of the husband surplus moneys arising from a mortgage sale are regarded for purposes of distribution as personalty, after the husband's death such moneys for such purposes are regarded as realty, cited 2 Jones on Mortgages, 2d Ed. §§ 1693, 1695; Dean v. Phillips, 17 Ind. 409; Wright v. Rose, 2 S. & S. 323.

Widows and not wives are entitled to dower in surplus moneys: Cook v. Dillon, 9 Ia. 412; Dean v. Phillips, 17 Ind. 409; Wright v. Rose, 2. Sim. & Stuart, 323; Bogert v. Furman, 10 Paige (N. Y.), 498; Cope v. Wheeler, 41 N. Y. 308; Moore v. City of New York, 4 Sandford, Sup. Ct., 460; Moore v. Mayor of New York, 4 Selden, 113.

The inchoate right of dower does not become property or anything more than an expectancy at any time before it is consummate by the death of the husband: Cooley's Const. Lim. 3d Ed. 361; Barbour v. Barbour, 40 Me. 9; Noel v. Ewing, 9 Ind. 37; Lucas v. Sawyer, 17 Ia. 517; Henson v. Moore, 104 Ill. 403.

LACEY, P. J.  This case is as follows: The appellant, being the wife of August Kauffman, joined with him in the execution of a trust deed to one James Ferguson, as trustee for Julius C. Fitch, to secure a note given by August to the lat-

ter for $3,100, conveying certain lots in the city of Rockford, no part of the indebtedness being her own; subsequently the husband absconded, when a portion of the appellees, creditors of August, sued out writs of attachment, in the aggregate in the sum of $11,158.88, and levied the writs on the real estate included in the trust deed, most of which attachments passed into judgments. The realty was then sold under the trust deed by Ferguson, the trustee, default having been made, and there was realized the sum of $3,820.06 over and above the sum necessary to pay the note and mortgage and costs of sale, which was therefore garnisheed by appellee Peacock in the hands of Ferguson to answer the attachment of Peacock.

The appellant thereupon filed her bill in equity in the circuit court against the trustee and all the said creditors, setting up the above facts, claiming dower rights in and to one third of the surplus, praying the court to take jurisdiction of the matter and to order the one third of said sum put at interest for the benefit of the creditors till after her husband's death, and then for her benefit till her death, unless she is given a sum in gross for her interest, and at her death the principal sum to go to the creditors.

The court below sustained the demurrer and dismissed the bill at appellant's costs, and she appeals to this court.

This presents a new and very interesting question, the like never having been passed upon by this or the Supreme Court, so far as we are advised. After a careful review of the authorities presented by counsel on either side, and of others which have come to our notice, though finding the authorities not in harmony on the subject, we think the greater weight of authorities is against the claim of the appellant, and certainly, in our judgment, reason and sound public policy would forbid the recognition of any such rule as is contended for by the counsel for appellant. Were such a rule established the complications arising in such cases would be infinite, and courts of chancery would be called upon to order the investment of large sums of money and to watch over and control the investments and trustees for long and indefinite periods, to find in the end that the wife has died

first and all has been useless trouble and vexation. Under our laws the husband himself might be called upon by the wife, as well as she could call upon other parties, to submit to have his money tied up in the hands of trustees for the benefit of his wife, who might claim inchoate right of dower in it, as it might have been in this case had there been no creditors. The surplus coming into the hands of the husband might be lost and dissipated by him, and if the wife had an interest, such as a court of equity could recognize, she might with propriety ask that the money should be secured in the hands of trustees till his death, the same as it is asked to be done in this case; and, logically, it could not be denied. In case there had been no creditors the husband could have demanded and received the money from the trustee, Ferguson, free from the claim of the wife, and no inchoate right of dower could attach, nor can it attach against the rights of creditors. As against such claim as is attempted to be enforced here the surplus in question is personal property and not realty; the wife has no dower in it.

By her own voluntary act she has allowed the realty to be converted into money, which is personalty, and failed to exact from her husband any security which she might have done to protect her dower in the surplus. This is not a claim that a court of chancery can recognize. The authorities cited by appellant are Denton v. Nanny, 8 Barb. 618; Vartil v. Underwood, 18 Barb. 564; Mills v. Vanvoories, 20 N. Y. 420; Maloney v. Horan, 49 N. Y. 116; Vreeland v. Jacobus, 19 N. J. Eq. 231; Wheeler et al. v. Kirtland, 27 N. J. Eq. 534; De Wolf v. James, 11 R. I. 630; Unger v. Luster, 32 Ohio St. 210. On the part of the appellees is cited 2 Jones on Mortgages, §§ 1693, 1695, in which it is said that the weight of authority is against the proposition. Dean v. Phillips, 17 Ind. 409; Newal et al. v. Lynn Savings Bank, 101 Mass. 432; Cook & Sargent v. Dillon et al., 9 Ia. (1 Whillow) 412; 2 Story's Eq. Jur., § 1213, p. 629; Cooley Con., Lim., 3d Ed., p. 361; Henson v. Moore, 104 Mass. 403; Almondorf v. Lockwood, 57 N. Y. 322, 331. It seems to us that reason and the weight of authority is against the claim of appellant and the decree is therefore affirmed.