## FARRAND V. BESHOAR.

1. At common law a married woman, though living apart from her husband, could not make a binding contract except for necessaries or for the benefit of her separate estate; this rule was not changed by statute until 1872.

2. In the absence of fraud, an absolute deed will not be construed as creating a constructive or resulting trust.

3. In equity, before the statutes of 1872 and 1874, the written contract of a married woman, for the benefit of other persons, was not a charge upon her separate estate unless it contained an express provision to that effect.

*Error to District Court of Las Animas County.*

ACTION to declare a trust in the real estate of plaintiff in error.

In the year 1871 plaintiff in error was a married woman, living with her husband, Charles M. Farrand. Owing to domestic trouble, they concluded to and did separate. On or about June 21st of that year, in connection with such permanent separation, and as a part of the agreement therefor, Charles M. Farrand conveyed to plaintiff in error, and to C. H. Farrand, their minor son, in equal undivided parts, by absolute deed, certain real estate in Trinidad, of the value of $5,000. At that time the said Charles M. Farrand was indebted to a number of persons, including defendant in error. On September 13th of the said year (1871), plaintiff in error and the said C. H. Farrand executed to defendant in error their promissory note for $493.95, payable three months after date; $393.95 of the amount representing the said indebtedness of Charles M. Farrand to defendant in error, the remaining $100 being a loan of cash to the said minor son, C. H. Farrand.

In 1877, the said note being unpaid, in whole or in part, defendant in error brought suit thereon against plaintiff in error. In his complaint he alleged the infancy of the said C. H. Farrand, the coverture of the

plaintiff in error at the time the note was made, and the other facts above narrated; also that plaintiff in error had succeeded, by deed of conveyance, to the moiety of the estate mentioned, held by the said C. H. Farrand. The complaint further alleged that the said conveyance by Charles M. Farrand was made subject to the agreement upon the part of plaintiff in error and C. H. Farrand to assume and pay the debts of the said Charles M. Farrand, including that of defendant in error; also that the note aforesaid, save as to the $100 loaned as aforesaid, was executed in pursuance of an accounting and determination of the aggregate amount due from the said Charles M. Farrand to defendant in error, and likewise in pursuance of the trust agreement above mentioned. A final decree was entered on the 22d of March, 1880, recognizing a trust in the property in favor of defendant in error. To reverse that decree this writ of error was sued out.

Section 1515 of the General Statutes, referred to in the opinion, reads as follows: "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing."

Messrs. YEAMAN and JOHN and BENEDICT and PHELPS, for plaintiff in error.

Messrs. WELLS, SMITH and MACON, for defendant in error.

HELM, J. All the facts connected with this suit existed during the year 1871. Hence we are obliged to consider the questions presented with reference to the

*status* and rights of plaintiff in error, as a *feme covert*, previous to the territorial acts of 1872 and 1874 on the subject of married women. The suit was commenced early in the year 1877, and before the present Code of Procedure became a law. We are therefore also to consider this case under the practice as it existed prior to the adoption of that instrument.

The record discloses a consideration for the note offered in evidence. Regarding it, so far as the obligation of defendant's husband is represented therein, as simply a promise to pay the antecedent debt of another, we find sufficient consideration to support the promise. There was the new loan of $100 to her son, and the extension of three months on her husband's indebtedness. We do not think that, under the circumstances disclosed in this case, had the law then been as it now is, she could escape a personal judgment for the amount of the note. But being a married woman at the time she executed the promise, although living separate and apart from her husband, the note itself was not a binding contract at law. The statute then enacted with reference to married women left the common law unchanged in this respect. Against her objection, a legal action could not be maintained upon the note, personal judgment could not be obtained against her, and no execution could issue to be levied upon her property generally.

The decree cannot be sustained upon the ground that Beshoar, as a creditor of defendant's husband, was the beneficiary of a trust in the realty described therein. The property, upon the separation from her husband, was conveyed to her by an absolute deed. No agreement to pay the husband's debts is referred to in this deed, nor is there any pretense that the conditions of the trust were in any other manner reduced to writing. *Adams v. Adams*, 79 Ill. 517; *Learned v. Tritch*, 6 Colo. 433.

No actual fraud in connection with the conveyance is alleged or proven.

The answer filed in another cause, which was received in evidence against defendant, cannot be said to avoid the foregoing objection taken under the statute of frauds. Sec. 1515, Gen. St.. This answer was not signed by defendant, nor was her name attached thereto by another as agent; and had defendant's name been signed to the instrument by her attorney, there is nothing to show that any such authority in the premises, as the statute requires, existed in writing. The trust theory must therefore be abandoned.

But plaintiff's counsel invoke the equitable doctrine that where a married woman, having a separate estate, contracts a debt on her own account, she will be held in equity to have created a charge upon such estate, even though the intention to do so is not expressly stated in the contract. 1 Bish. Mar. Wom. §§ 862, 863, and cases cited; 3 Pom. Eq. Jur. §§ 1124, 1126, and cases cited. It will be noted, however, that this accepted doctrine limits the liability of her separate estate to cases where the debt is contracted for her own benefit, or for the benefit of the estate itself; and, while there is considerable conflict in the decisions on the subject, we are of opinion that the decided weight of authority is in favor of the proposition that, if she is merely a surety, other persons, as in this case, receiving the entire benefit of the transaction, the liability of her separate estate does not attach unless the contract itself includes an express provision on the subject. 3 Pom. Eq. Jur. § 1126, *supra*, and cases cited.

Applying these principles to the case at bar, we find that the averments of the complaint do not state the cause of action to which counsel appeal, nor does the evidence relied on support any such cause of action. The promissory note upon which plaintiff sues contains no reference whatever to defendant's separate estate, nor does it embody any expression which could possibly be construed as evincing an intention to charge her estate.

The whole theory of the case, as shown by the complaint, the trial, and the findings and decree of the court, was that a trust existed in the estate in plaintiff's favor.

The decree will be reversed, and the cause remanded, with directions that the district court dismiss the complaint.

<em>Reversed.</em>