any evidence in the case to support a claim that Dalley ever abandoned the easement. Whatever easement he acquired was by grant, being impliedly included in Harris' deed to him. Such an easement will not be deemed to have been abandoned by nonuser, but only upon clear and convincing proof of an intention by an owner to abandon it. Hennessy v. Murdock, 137 N. Y. 317, 326, 33 N. E. 330. The mere fact that before the street was opened, and before there was any occasion to use it as a street, Dalley occupied and even inclosed it, affords no presumption that he intended to abandon, as against any one else, the right to insist upon his easements. There seems to be a little ground for finding that the easements were ever extinguished by adverse possession. Certainly Dalley's possession was not adverse, although it may have been under an inconsistent claim. He was the owner of the dominant estate, and cannot be said to have been holding the servient estate adversely to himself. Although Grinnell obtained a deed of the northerly half of the street in 1868, Dalley remained in actual physical possession until 1878. Grinnell never wholly occupied the northerly half. In 1879 he moved the boundary fence about 10 feet north of the center line of the street, and in 1887 replaced it with a picket fence a few feet still further north; but at all times there was left a passageway about or nearly 20 feet wide, and in 1893 the whole triangle was clear of all fences.

Our conclusion is that as to the northerly half of 157th street in front of plaintiff's premises he is entitled to easements of air, light, and access, and that to this extent he is entitled to relief as prayed in the complaint.

The judgment will therefore be reversed, and a new trial granted, but without costs in this court. All concur.

---

(54 Misc. 472)

### GOGGIN et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Special Term, New York County.  May 16, 1907.)

1. REMAINDERS—INJURY TO INHERITANCE—INJUNCTION.

A remainderman may sue to restrain the maintenance and operation of an elevated railroad in front of the premises, and for damages, though there was an intervening life estate, and the life tenant could have recovered rental damages.

2. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT—PRESCRIPTIVE RIGHTS—ELEVATED RAILROADS.

For the purpose of computing the running of limitations on an action to restrain the maintenance and operation of an elevated railroad in front of premises, the cause of action accrued when the road was completed and operations begun.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 303.]

3. LIFE ESTATES—RIGHT OF LIFE TENANTS.

The life tenant of premises may sue to recover rental damages from an elevated railroad operating in front of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Life Estates, § 54.]

Action by Matthew M. Goggin and others against the Manhattan Railway Company and another. Judgment in favor of plaintiff Matthew M. Goggin individually.

Peckham, Miller & Strong (Charles H. Strong, of counsel), for plaintiffs.

Charles A. Gardiner (Sherrill Babcock, of counsel), for defendants.

GIEGERICH, J.   The premises in suit were purchased on April 1, 1850, by one Michael Goggin, who died on November 8, 1865, intestate, seised of the same, and leaving him surviving a widow, who died on July 1, 1901, and four children, viz., Jane, born March 20, 1846, John, born July 2, 1854, Elizabeth, born June 4, 1856, and Matthew M., born May 19, 1864, all of whom, except the plaintiff Matthew M., died after the elevated railroad was completed and began operations in June, 1878.

The defendants' claim to title by prescription is sought to be defeated by proof of the parol assignment or admeasurement by the said children to their mother of her dower in the premises.  Assuming, as contended for by the plaintiff, that by such parol assignment a freehold estate in the premises was created (Elmendorf v. Lockwood, 57 N. Y. 322, 324), such estate could not operate to defeat the defense of prescription if otherwise established by the evidence.  The widow could have maintained an action to recover rental damages (Muller v. Man. Ry., 102 N. Y. Supp. 454, 458, and cases there cited), and the remaindermen, notwithstanding such right of action, could have instituted an action to restrain the maintenance and operation of the railroad and for damages (Muller v. Man. Ry., 102 N. Y. Supp., at page 458, and citations).  The latter's cause of action first accrued in June, 1878, when the defendants' predecessors in interest completed the elevated railroad and began to operate it, and it is plain that, with the exception of the plaintiff Matthew M. Goggin, the rights of all the said children, as well as of those who succeeded to their respective shares in the property, have been barred.  Muller v. Man. Ry., supra.

The testimony relative to the assignment of dower was taken subject to a motion to strike it out, which the defendants renewed at the close of the entire testimony, and decision was reserved.  The defendants, by their thirty-sixth request to find on the facts, have now asked me to find that there was a parol admeasurement of the dower estate to the widow, which I have done.  In view of such finding, I have concluded to deny the motion to strike out.

The various matters relied on by the plaintiffs to avoid the defendants' claim to title by prescription as against plaintiffs, other than the plaintiff Matthew M. Goggin, have not, in my opinion, been established.  I further find that the plaintiff Matthew M. Goggin is entitled to only one undivided fourth share in the premises, and I fix his fee damage at $600, and award him judgment accordingly, with costs and an extra allowance of $30.  I find, furthermore, that no rental damage has been suffered.  All other contested questions are disposed of as

indicated upon the margin of the proposed findings of fact and conclusions of law submitted by the respective parties.

Submit for signature an engrossed copy of the decision, with proof of service.