LOUIS N. BRUMER, Respondent, *v.* LILLIAN IDA BRUMER, Appellant, Impleaded with HENRY WELLS, Defendant.

Third Department, March 29, 1928.

**Banks and banking — deposit — deposit by husband of his money jointly in his name and name of wife — money was withdrawn during serious illness of husband, turned over to wife under agreement to return it to husband when he recovered — husband recovered but wife refused to return money — action is in equity — money derived from sales of real property belonging to husband — wife has no dower in said money — Banking Law, §§ 148 and 198, not applicable — joint deposit would remain subject to joint control until husband's death — finding by jury that agreement existed is supported by evidence.**

Plaintiff owned several pieces of real property and on the sale of each piece he deposited the proceeds in a bank of deposit in the joint names of himself and his wife, one of the defendants. A rule of the bank required two signatures and that fact was noted on the deposit book. When the plaintiff was very ill the money was withdrawn from the joint account and turned over to the wife under an alleged agreement that if the plaintiff recovered the wife would return the money to him. The plaintiff did recover but his wife refused to return the money and this action was instituted.

The action is one in equity notwithstanding the fact that the court in its charge made some reference to conversion.

The defendant wife claims the whole of the fund or at least an interest therein. She bases her claim to the interest therein on the ground that she had dower interest in the property sold and, therefore, has an interest to that amount.

This cannot be sustained for when she joined in the deeds which transferred said property her inchoate right of dower was extinguished and all money received from the sale of the property which descended to the plaintiff from his father belonged to the plaintiff.

The joint deposit was not made in the form specified in sections 148 and 198 of the Banking Law and these sections do not apply. Therefore, the money was not the joint property of the plaintiff and his wife.

A bank account in the name of husband and wife, in the absence of contrary evidence, creates a survivorship in the wife where the money deposited belongs to the husband and this is so whether or not the bank book was delivered to the wife, but until the death of the husband he has the absolute right to and control over the money and it belongs to him. Therefore, in this case the plaintiff retained full ownership of and right to use the money deposited, his wife having the right of survivorship only in so much as might remain on deposit on the death of plaintiff.

The court submitted to the jury the question whether or not the plaintiff transferred " his moneys " on deposit to the wife under the alleged agreement. The defendant took no exception to this form of charge, apparently relying upon the contention that the plaintiff when he was ill actually made a gift of the money to his wife and did not rely upon a prior contention that the fund constituted a common fund.

The evidence fully justified the finding upon the question submitted to the effect that the agreement as alleged by the plaintiff was entered into.

REARGUMENT of an appeal by the defendant, Lillian Ida Brumer, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 6th day of June, 1927, and also from an order entered on the same day.

*Muhlfelder & Illch* [*J. S. Carter* of counsel], for the appellant.

*J. Harris Loucks* [*Jay Leo Rothschild* of counsel], for the respondent.

VAN KIRK, P. J. At the trial and on the former argument (222 App. Div. 707) the defendant treated this case as an action for conspiracy and, proof of conspiracy having failed, the action must fall (but see *Brackett* v. *Griswold,* 112 N. Y. 454); that the evidence did not justify a recovery by the plaintiff and asked only that either the complaint be dismissed or a new trial granted. The complaint was dismissed as to the defendant Wells. Now the wife Lillian is the sole defendant. Now the defendant claims ownership of the whole or part of the fund on deposit. Louis and Lillian Brumer are husband and wife. He was a grocer and, while handling a bunch of bananas, was bitten on his hand, as he claims by a tarantula. His hand and arm became much swollen and he anticipated that he might die.

In his father's estate had been several parcels of real estate. From time to time these parcels had been sold by the plaintiff after his father's death, his wife joining in the deeds. The proceeds were

paid to him and were by him deposited in the National Commercial Bank and Trust Company of Albany, in the name of Louis and Lillian Brumer, without other qualifying words as their pass book shows. But it was a rule of the bank that, where moneys are deposited in the names of two persons, " two signatures are required." The deposit slips of these moneys were always made out by the receiving clerk of the bank and the first deposit slip so made out has at the bottom the words: " Two signatures required," and on the bank books those words in red ink were added to this account. Anticipating death plaintiff and defendant agreed that plaintiff should transfer this bank account to her on condition that, if he recovered, it should be returned to him. Both, therefore, signed a check for the whole amount in the account; the check was presented, the account closed and a pass book for that amount issued in the name of Lillian. When plaintiff recovered he demanded a return of these moneys to him, which Lillian refused. Thereupon this action was begun.

At the beginning of the trial there was some confusion as to the nature of the action and the rights of the parties to the fund. But the complaint states an equitable cause of action and the court so treated it. The fact that, in the course of the charge to the jury, conversion was defined, does not determine that the court treated the action other than as one in equity. When the cause was about to be submitted to the jury, the court consulted apart with the attorneys. As a result of this he stated to the jury that a special verdict would be taken and two questions submitted. An adjournment was then taken. The next morning the court stated that but one question would be submitted and in these words: " Did the plaintiff transfer his moneys on deposit in the National Commercial Bank and Trust Company credited to passbook No. 2918 on May 16, 1924, to the defendant, Lillian Ida Brumer, under the agreement and understanding that said moneys be returned to plaintiff in the event of recovery from illness? " The defendant took no objection to the practice which the court was adopting, or to the form of the question. For accuracy we call attention to what occurred in this respect. Her attorney renewed his motion for a nonsuit for failure of proof and for dismissal of the complaint for conspiracy and requested a direction of a verdict for defendant. The court denied the motion and request, stating that he would take a special verdict. The defendant then said: " I except to the submission of the questions to the jury. I except to the denial of my request." This the court understood to mean that the defendant requested a direction of a verdict or that the complaint be dismissed. The next morning, when the court stated that it would

submit but one question to the jury, the defendant's attorney said: " I enter another exception on behalf of the defendant to the submission of that question. The Court: What is that? Mr. Carter: I enter another exception on behalf of the defendant to the submission of that question." This in no wise changed the condition and understanding; he did not ask that a general verdict be taken. In the course of the trial the court attempted to get the views of the attorneys for the defendant as to the ownership of the moneys deposited in the names of the plaintiff and defendant. At the end of the conversation between the court and defendant's attorneys the court asked: " Do you concede in this case the money was the money of the plaintiff? * * * Mr. Carter: I don't concede that. I concede he got the money from his father's estate, several thousand dollars came to him from the sale of several pieces of property sold after his father's death. Of course she (Lillian Ida Brumer) had dower interest. As they were sold he would get the money from his lawyer, as proceeds of that sale, and then deposited in the National Commercial Bank in both names, and account was restricted, only to be drawn by the signatures of both. The Court: Independent of what the restriction was, is the independent fact that the money belonged to the plaintiff, or is it necessary to have him prove what portion belonged to the plaintiff and what portion to the defendant? Mr. Carter: It is not conceded. Before he gave it to his wife entirely they were both the owners of it — both; stood in their names in the bank. The Court: That is the point. Have we got to determine the respective ownerships of this joint account in order to establish the amount of money the plaintiff owned that was turned over to the defendant? Mr. Carter: It is not in the issue here at all. The Court: I don't know. Mr. Carter: It is not. Here is the story: These different amounts deposited in the account in the names of both parties. Now, then, subsequently the plaintiff gave all the money from the account to his wife, and put them in her name alone. The Court: All right. Are you willing to concede that the money he gave to her by that transfer was all his money? Mr. Carter: No, no. I say prior to that time it was in both their names." He claimed it was a common fund subject to the signatures of both.

The claim on behalf of defendant that, by virtue of her inchoate dower right, she had an interest in these moneys, is mistaken. Her inchoate right of dower was extinguished forever by her signature to the deeds. No interest in the proceeds of the sale survived to her. (*Elmendorf* v. *Lockwood*, 57 N. Y. 322; *Witthaus* v. *Schack*, 105 id. 332; *Sherman* v. *Hayward*, 98 App. Div. 254.) All the moneys deposited in the bank were his moneys.

The real question in the case is the meaning and intent of the

question submitted to the jury — the effect of the jury's answer to that question.

We first consider the rights of the parties in the moneys deposited. Sections 148 and 198 of the Banking Law do not apply to this deposit. In these sections is this: " When a deposit shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit thereupon and any additions thereto made, by either of such persons, úpon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the life time of both, or to the survivor after the death of one of them; * * *." This deposit was not in form to be paid to either, or the survivor of them. No words so indicating were on the pass book, or in the bank records. The ·statute does not apply unless the account is opened in substantially the form expressed in the statute. (*Havens* v. *Havens*, 126 Misc. 155, and cases cited; affd., without opinion, 215 App. Div. 756.)

A bank account in the name of husband and wife, in the absence of evidence to the contrary, creates a survivorship in the wife, whether or not there has been a delivery of the bank book. The intention of the husband, when so depositing his money, is presumed to be to benefit the wife to the extent of conferring the right of survivorship upon her, and to leave him with the control and the right of disposition thereof during his life. (*West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518; *Matter of Albrecht*, 136 id. 91, 95; *Matter of Blumenthal*, 236 id. 448, 451.) In the form then of this pass book the plaintiff retained full ownership of, and right to use, the moneys deposited; giving to his wife survivorship to whatever fund or deposit remained at the time of his death. That the parties accepted the rule of the bank and so drew money does not show a change of intention. The pass book was evidently made out under the instructions given at the time the deposit was made and showed the intent of the parties.

What then was meant by the words " his moneys " in the question submitted to the jury? They were his moneys when he was depositing them; they remained his after the deposit, saving to her only the right of survivorship. (*West* v. *McCullough, supra.*) The court spent some time in taking proof as to the title of these moneys which were so deposited. It accepted the form of the pass book as expressing the intention of the parties when the deposit was made. The defendant's attorneys did claim in the course of the trial that the moneys after the deposit was made, ·con-

stituted a common fund; but, after the evidence was taken and the question was proposed by the court, no such exception was taken. The defendant, we repeat, was then taking the position that she was entitled to a dismissal of the complaint or a direction of a verdict. The opinion of the court shows this was its view of the case. From the charge of the court we think that this was the view that the jury must have had in mind in rendering their verdict. And the position of the defendant's attorney at the close of the charge further indicates that this was his position. He claimed that, by the draft signed by both, on which the original account was closed and a new pass book issued to the defendant alone, a gift was made to the defendant; that this was confirmed later by the fact that this second bank book had been left with the plaintiff when the defendant went to the hospital and, upon her return, the plaintiff returned it to her. It seems plain that, if defendant's attorney had taken any other view at the time of the consultation between the court and the attorneys at the close of the evidence, defendant would have taken an exception to the submission of this question, which would disclose that the view of the court was erroneous.

The intent of the parties, if disclosed, controls. (*Kelly* v. *Beers,* 194 N. Y. 49, 55.) It seems to us the intent and the fact is this: When plaintiff's moneys were deposited in this account in the names of both, he meant to leave the account with survivorship in the wife, in the case of his death; when, later, he was actually threatened, as he thought, with death, he determined to remove all chance of a contest between his wife and members of his family; he concluded the best way to do this was to put the account in her name; but he exacted the agreement from his wife that, in case he should recover, she should return the moneys to him to be disposed of as he then might choose.

There was sufficient evidence to justify all the findings which the court has made, including the approval of the jury's finding upon the one question submitted. We do not think it is necessary to go through the detail of the uses to which the defendant put these moneys after the pass book had been issued in her name. Since plaintiff is entitled to recover, the redress granted in the decision and judgment is not questioned.

The judgment of the court is justified and should be affirmed.

HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment affirmed, with costs.