In the Matter of the Accounting of JOHN J. FENELON, as Administrator of the Estate of BESSIE FENELON, Deceased, Respondent.

ELIZABETH YAUCH, Appellant.

(Submitted April 28, 1933; decided May 23, 1933.)

*Harry W. Williams* for appellant.

*Charles E. Brennan* for respondent.

KELLOGG, J.  The Banking Law (Cons. Laws, ch. 2), in section 249, provides that " when a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them " such deposit " shall become the property of such persons as joint tenants " and " may be paid to either during the life time of both or to the survivor after the death of one of them."  It further provides: " The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the sur-

viving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor." This statute created presumptions not obtaining at the common law. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Bolin*, 136 N. Y. 177; *Kelly* v. *Beers*, 194 N. Y. 60.) The Appellate Division of the third department has held that, in order that the statutory presumptions may take effect, the form of the deposit, as made, must have been sanctioned by the owner of the moneys directed to be deposited. (*Matter of Buchanan*, 184 App. Div. 237.) The case never came to this court. However, we approve of the conclusion reached. Obviously, if the law were otherwise, then the whim or error of the banker, in writing the form of the deposit, or a direction by one who had converted the moneys, might operate to transfer title of the true owner to the moneys, without volition on his part. The law does not countenance involuntary transfers of that character. In this case the question is whether or not the true owner directed the making of the deposit in the form in which it appears on the books of the bank where deposited, or acquiesced therein.

The moneys belonged to Bessie Fenelon, now deceased. With her friend, the claimant Elizabeth Yauch, she attended at the Albany Savings Bank, where she had moneys on deposit. She drew a draft or order upon the treasurer of the bank, calling for a transfer of her deposit to " New account Bessie Fenelon and Mrs. Elizabeth Yauch." The order contained no word directing the use of the statutory form in recording the deposit. The two women signed their names to a signature card. They also signed their names to a loose leaf which afterwards became a part of a book kept by the bank, which was termed its " ledger." After signing these two papers, the bank clerk with whom they dealt applied a rubber stamp to impress upon the two papers, above their signatures, the legend, printed in type so small as to be hardly legible, " A joint

account with right of survivorship, payable to either of the undersigned depositors, or the survivor, is hereby created and the bank notified accordingly." No evidence was given to show that Bessie Fenelon ever was shown the printed legend or knew that the two papers had been stamped by the clerk to exhibit the same. After all this had been done, a bank pass book was handed to Bessie Fenelon. This bore the heading " Bessie Fenelon and Mrs. Elizabeth Yauch," and showed the deposit that day made. It exhibited no words, stamped or written, to indicate that the account was a joint account payable to either or the survivor. Neither the Surrogate nor the Appellate Division was able to draw the conclusion from these facts that Bessie Fenelon directed that the moneys be deposited in a joint account, or acquiesced in the use of the stamp, which made the account appear to be an account jointly held by the two women. We are unable to reach the conclusion, as a matter of law, that Bessie Fenelon directed or authorized the deposit to be made to joint account. We must, therefore, affirm the decision that the moneys belonged to the estate of Bessie Fenelon, and not to Elizabeth Yauch, the survivor of the two women.

The order should be affirmed with costs to the respondent payable out of the estate. (See 262 N. Y. 308, 539.)

POUND, Ch. J., LEHMAN and O'BRIEN, JJ., concur; CRANE and CROUCH, JJ., dissent; HUBBS, J., not sitting.

Order affirmed, etc.