ORIE L. HERRICK, Plaintiff, *v.* WALTER HAMILTON, Defendant.

Supreme Court, Trial and Special Term, Chenango County, September 12, 1933.

*H. C. & V. D. Stratton,* for the plaintiff.

*Truesdell & Marshall,* for the defendant.

PERSONIUS, J. The plaintiff seeks to recover a deposit in the First National Bank of Bainbridge, N. Y., in the names of Libbie Hamilton and Orie L. Herrick, " payable to the order of either, or in the event of death, to the survivor." They were daughters and sole legatees of Emma R. Fosbury, who died October 26, 1929. By her will she requested that her daughters, or the survivor, make provisi n by will or otherwise so that such of her estate as her daughters had not used at the time of their decease would become a trust for the use and benefit of the Union Valley church. This request concluded: " This provision, however, I declare not to be binding on my said daughters, or the one of them that shall survive me, except as a matter of honor in carrying out what they know are my wishes as to such unused part or portion of my said estate." The daughters as executrices liquidated their mother's estate. The estate had a deposit in said bank. On July 17, 1930, they went together to the bank, conferred with Mr. Kirby, the president, computed their respective distributive shares and made distribution by dividing the deposit. Each deposited her share in an interest account in said bank. Later the same day they returned to the bank and, apparently mindful of their mother's said request, said to its president in substance that they had decided to have them (the individual accounts) in the form of joint accounts and requested that the bank change the deposits accordingly. Mr. Kirby thereupon changed the accounts on the books of the bank and on the pass books so that the plaintiff's account stood in the name of Orie L. Herrick or Libbie Hamilton and Mrs. Hamilton's account in the name of Libbie Hamilton or Orie L. Herrick, and each book was stamped: " Payable to the order of either, or in the event of death, to the survivor." At the same time and in the presence of each other each signed the usual joint deposit card for each account. Mrs. Hamilton was taken ill about January 8, 1933, and died about January thirteenth. Her husband, the defendant, was appointed administrator of her estate. He signed, verified and filed the usual transfer tax return, in which he did *not* include this deposit account. He had possession of the deposit book and produced it upon the trial. Demand therefor had been previously made upon him by the plaintiff, as survivor.

Upon the trial the defendant produced the following writing, addressed to the bank's president, marked Exhibit 1, also Exhibit D:

"BAINBRIDGE, N. Y.
*January* 9, 1933.

"Mr. RALPH KIRBY:

"DEAR SIR: The bank book with my joint account with my sister Orie Herrick I want changed to my own personal account as of Jan. 1, 1933, for I do not wish to continue the joint account after that — Jan. 1, 1933.

"LIBBIE HAMILTON.

"P. S. I am sick with a hard cold and cannot come down to Bainbridge, so will send my bank book by Walter [her husband]. He can attend to it for me."

This paper was not presented to the bank before her death, or until two days before the trial. Then Mr. Hamilton showed it to Mr. Kirby, who read and returned it. The pass book was never presented.

The plaintiff questioned the authenticity of Exhibit 1, asserting that it was neither written nor signed by Libbie Hamilton. Considerable evidence was introduced on that issue. We think it is immaterial. Not having presented the writing to the bank before Mrs. Hamilton's death, Mr. Hamilton's authority to present it was revoked. (*Augsbury* v. *Shurtliff*, 180 N. Y. 138, 142.) Furthermore, the deposit being, as we hereafter hold, a joint account with right of survivorship, the writing was insufficient to destroy Mrs. Herrick's interest therein. (*O'Connor* v. *Dunnigan*, 158 App. Div. 334; affd., 213 N. Y. 676.) As a statement of Mrs. Hamilton made after the account was opened, it is inadmissible. (*Scheps* v. *Bowery, etc., Bank,* 97 App. Div. 434, 435; *Kelly* v. *Home, etc., Bank,* 103 id. 141, 152, 153; *Gick* v. *Stumpf,* 204 N. Y. 413.)

Section 144 of the article applying to savings banks, Banking Law of 1909, provided in part that " when a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit * * * shall become the property of such persons as joint tenants and * * * held for the exclusive use of the persons so named and may be paid to either during the lifetime of both or to the survivor after the death of one of them." In substance this provision is found in the article of the present Banking Law applying to State banks, section 148, and in the article applying to trust companies, section 198, and in the article applying to savings banks, section 249. To the last section is added a provision

making the deposit in such form conclusive evidence, after one depositor's death, of their intention to vest title to the deposit in such survivor. The deposit in question is in the form prescribed by the statute. Therefore, if these sections apply here, the plaintiff is entitled to recover. (*Marrow* v. *Moskowitz*, 255 N. Y. 219; *Moskowitz* v. *Marrow*, 251 id. 380.)

Do they apply to this deposit in a *national* bank? Both parties refer to section 249 and seem to assume that it applies. Our attention is called to no case in which it has been applied to such a deposit. *Hayes* v. *Claessens* (189 App. Div. 449), involving a deposit in a national bank, referred to the old section 144. *Brumer* v. *Brumer* (223 App. Div. 186), involving a similar deposit, referred to sections 148 and 198. In both cases the court declined to apply the sections, not because the deposit was in a national bank, but because it was not made in the form specified in the section. By these sections, the Legislature has indicated its intent and policy as to the rights created by making a joint deposit. It did not expressly refer to a deposit in a national bank. While its power to legislate as to national banks may be limited, it would, we think, have power to legislate as to the rights *inter se* of depositors in such a bank domiciled in the State and as to the rights of the survivor. In *Matter of Garlock* (157 Misc. 571) the court said (at p. 572): " In as much as both savings banks and savings and loan associations are institutions where money is deposited for the purpose of saving, this court holds that section 249 applies to savings and loan associations as well as savings banks." National banks are in part like institutions. They maintain interest or savings departments where, as here, deposits and withdrawals are made and entered in a book which must be presented upon a withdrawal. We incline to the view that the rights of joint depositors in a national bank and the survivor of them are the same as in a deposit in a State bank, trust company or savings bank. Literally, section 148 applies to any " bank." Nevertheless, the word " bank " is defined as being a domestic institution. (Banking Law, § 2.)

If these sections do not apply, the issue here must be determined by the common law. " The possibility of so fixing a bank account that two persons shall be joint owners thereof during their mutual lives and the survivor take upon the death of the other is so well established (at common law) that we may assume and need not discuss it." (*Kelly* v. *Beers*, 194 N. Y. 49, 55.) The " crucial question " was whether the depositor intended to create such an account. As tersely stated in *Brumer* v. *Brumer* (*supra*, at p. 191): " The intent of the parties, if disclosed, controls."

We think a joint account with right of survivorship was here created under the common law. (*Kelly* v. *Home, etc., Bank*, 103 App. Div. 141; *Kelly* v. *Beers*, 194 N. Y. 49; *Farrelly* v. *Emigrant, etc., Bank*, 92 App. Div. 529; affd., 179 N. Y. 594; *O'Connor* v. *Dunnigan*, 158 App. Div. 334; affd., 213 N. Y. 676; *Bonnette* v. *Molloy*, 153 App. Div. 73; *Augsbury* v. *Shurtliff*, 114 id. 626; affd., 190 N. Y. 507.) While the question of intent is one of fact, the court in the above cases held that the intent was established as a matter of law (*O'Connor* v. *Dunnigan, supra; Bonnette* v. *Molloy, supra*), or reversed findings of fact to the contrary.

We hold as a matter of fact that Mrs. Hamilton, in changing her account from her individual name to " Libbie Hamilton or Orie L. Herrick " and in making it " payable to the order of either, or in the event of death, to the survivor," intended to create a joint tenancy with right of survivorship. That also was the intent of Mrs. Herrick as to her account. Each was apparently prompted by a desire to carry out the request in her mother's will. Each having possession and control of her share in the latter's estate, at the same time and place, changed her individual deposit thereof to a joint account. Each signed a card reading: " The undersigned joint depositors, hereby agree each with the other and with the above bank that all sums now on deposit, heretofore or hereafter deposited * * * as such joint depositors * * * are and shall be owned by them jointly with right of survivorship * * * and payment to * * * either or the survivor shall be valid and discharge said bank from liability." Each continued in possession of her pass book so changed. For two and one-half years Mrs. Hamilton possessed her book in the name of both parties and stamped payable to the survivor. During this period she made a half dozen deposits and one withdrawal. Their relationship and motive, coupled with the fact that they each signed joint cards in the presence of each, and during all this time possessed joint books payable to either or the survivor, convinces us of their intent to create joint accounts with right of survivorship. *Negatively there was no reason whatever for making joint deposits for the purpose of convenience.* Each apparently was in possession of good health and of her faculties; each was able to attend to her own banking business; each was in fact at the bank attending to her business at the time the joint accounts were opened.

While it was said at common law that the " mere form " of the deposit was not regarded as sufficiently establishing the intent of the person making it to give a joint interest to another, it was said of such an account that " the account in question on its face imports such joint ownership * * * with final sole ownership. by survivorship " (*Kelly* v. *Beers, supra*, 194 N. Y. 49, 55), and " indi-

cated an intent thereby to create joint ownership with right of survivorship " (*O'Connor* v. *Dunnigan, supra,* 158 App. Div. 334, 336). The facts and circumstances here show the intent which was consummated by changing the deposits.

Intent to establish a joint account seems to have been more readily found where it was between husband and wife or where the pass book was delivered. Neither is controlling. (*Kelly* v. *Home, etc., Bank,* 103 App. Div. 141, 150; *Farrelly* v. *Emigrant, etc., Bank,* 92 id. 529, 531.) Here one pass book was delivered to Mrs. Hamilton and one to Mrs. Herrick. It is without significance that each did not deliver her particular book to the other. Their relationship plus their motive for creating joint accounts is as significant as the relationship of husband and wife.

Furthermore, the plaintiff is entitled to recover because she gave *consideration* for changing Mrs. Hamilton's individual deposit to a joint account. Under the early cases, the creation of a joint deposit was, to some extent, dependent on the intent of the owner of the money to make a *gift* of an interest therein to his joint depositor. Not so here. The act of Mrs. Herrick in placing her individual deposit in a joint account with Mrs. Hamilton was consideration for the latter's placing her individual deposit in a joint account with the former and *vice versa.*

Of the cases cited by defendant: In *Matter of Fonda* (206 App. Div. 61) the depositor " said nothing about inserting the words ' or the survivor of either.' " In *Matter of Fenelon* (262 N. Y. 57) it was held that " in order that the statutory presumptions (Sect. 249) may take effect, the form of the deposit, as made, must have been *sanctioned* by the owner of the moneys directed to be deposited." (Italics mine.) It appeared that the depositor requested a transfer of her deposit to " new account Bessie Fenelon and Mrs. Elizabeth Yauch." Neither the request nor the book contained words of survivorship. It did not appear that she ever saw the card or ledger or knew that such words had been stamped thereon. The surrogate held that the evidence did not disclose an intent upon the part of Mrs. Fenelon to create a joint account with the right of survivorship. His decision was affirmed by the Appellate Division (237 App. Div. 285). The Court of Appeals said (at p. 60): " We are unable to reach the conclusion, *as a matter of law,* that Bessie Fenelon directed or authorized the deposit to be made to joint account." (Italics mine.) In other words, it held that the question was one of fact. (See same case, 262 N. Y. 308, where a contrary decision was reached on a showing that the deceased, as here, signed a joint account card.)

Plaintiff may have judgment for the relief demanded in the complaint.