MICHAEL McDERMOTT, as Executor, etc., of JOHN McDERMOTT, Deceased, Appellant, *v.* ANNA McDERMOTT BENNETT, AMBROSE McDERMOTT, THE FIRST NATIONAL BANK AND TRUST COMPANY OF BALDWINSVILLE and FLORENCE McDERMOTT, Respondents.

Fourth Department, March 25, 1938.

*Conboy & Conboy [Lawrence Conboy of counsel], for the appellant.*

*D. Charles O'Brien,* for the respondents Anna McDermott Bennett and Ambrose McDermott.

*Francis Preston,* for the respondent Florence McDermott.

SEARS, P. J. On November 13, 1936, the plaintiff's testator deposited the sum of $4,500 with the First National Bank and Trust Company of Baldwinsville, N. Y. During the next two weeks following that date the plaintiff's testator had certain conversations with a certain justice of the peace, who " superintended " the execution of his will, in the course of which plaintiff's testator stated that he desired that his wife should not receive upon his death any part of the funds which he had on deposit with the First National Bank and Trust Company of Baldwinsville. The justice advised him that it would be impossible to draft a will to defeat his wife's statutory rights as to the bank account, but that it would be possible to " fix " the bank account to accomplish his purpose. After these conversations plaintiff's testator on the 28th day of November, 1936, delivered to the First National Bank and Trust Company a letter in which he said:

" I hereby direct you to change the bank account in my name at your bank to a joint account to read as follows:

" ' John McDermott or Anna Bennett or Ambrose McDermott ' and for your information the above Anna Bennett is my daughter and Ambrose McDermott is my son."

When delivering this letter, plaintiff's testator said to the cashier of the bank, " I want Anna Bennett and Ambrose McDermott to have this money upon my death." The cashier of the bank thereupon noted on the pass book relating to this account after the testator's name the words " or Anna Bennett or Ambrose McDermott." After the cashier had added the additional names on the

pass book it was delivered to plaintiff's testator and remained continuously in his possession until his death on February 9, 1937. On November 28, 1936, plaintiff's testator made his will. On January 15, 1937, plaintiff's testator withdrew the sum of $100 from the account with the First National Bank and Trust Company of Baldwinsville. On February 1, 1937, he withdrew fifty dollars.

This appeal presents the question whether upon these facts the deposit belonged, after the testator's death, to the son and daughter whose names were added on the pass book on the 28th day of November, 1936. We reach the conclusion that it does not and that the deposit is a part of the testator's estate.

The deposit was not made in the form required by the statute to establish a joint account *with survivorship*. (Banking Law [Laws of 1914, chap. 369], § 198; now [Laws of 1937, chap. 619], § 134; *Matter of Fenelon*, 262 N. Y. 57; Id. 308; *Matter of McCarthy*, 164 Misc. 719; *Brumer* v. *Brumer*, 223 App. Div. 186; *Havens* v. *Havens*, 126 Misc. 155; affd., 215 App. Div. 756.)

No mistake was made by the bank in the form of the deposit. The deposit was entered upon the pass book in the very terms required by testator's instructions in his letter. While he used the words " joint account " in the letter, he explained this by a specific direction as to the terms in which the account should be entered. Under these circumstances the intention in the mind of the testator to defeat his wife's expectant rights cannot control the action actually taken. The intention remained an unfulfilled testamentary hope. The formal act to transmute intention to accomplishment is lacking.

If we disregard the provisions of the Banking Law, as we must, no intention of a present gift of a present interest or of a present gift of a future interest to the two children can be discovered. The statement to the bank that he wanted his two named children to have the deposit on his death was not an instruction to the bank as to the form of the deposit, but related rather to plans which he did not carry out. He certainly did not intend to deprive himself of ownership of the entire fund on deposit and the right to control and expend it while he lived. It was furthest from his thought that it would be necessary for his two named children to join in a check on demand upon the bank to draw out any part of the deposit. In short, no act or intention is indicated that the deposit was other than one of the testator's own money, to remain such throughout his life. The circumstance that he twice independently made drafts on the account after the names of his two children were added on the pass book confirms our view that his intention was

to retain the deposit as his own property while he lived and not to make a present gift to his children.

The judgment should be reversed on the law, with costs, and judgment granted in favor of the plaintiff declaring that the plaintiff, as executor, is the sole owner of the bank account with the exclusive right to withdraw the money therein deposited and entitled to the bank book relating to said account, with costs to the appellant.

All concur, except DOWLING, J., who dissents and votes for affirmance in the following memorandum: The account as opened is in substantial compliance with the provisions of former section 198 of the Banking Law (in effect at the time the deposit was made). Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs.