In the Matter of the Estate of SAUL FLIEGELMAN, Deceased.

Surrogate's Court, Bronx County, May 9, 1945.

*Philip S. Birnbaum* for petitioner.

*Max J. Dym* for executors.

*Charles Kaufmann,* special guardian.

HENDERSON, S. This is an application under section 206-a of the Surrogate's Court Act.

The petitioner, Pauline Fliegelman, is the widow of the decedent. In this proceeding she requests the court to direct the executors to deliver to her twenty United States Savings Bonds, Series E, registered in the name of " Mr. Saul Fliegelman or Mrs. Pauline Fliegelman ". She also seeks the delivery of a bankbook representing a bank account in the Manufacturers Trust Co. in the sum of $203.76, in the joint names of the decedent and the petitioner.

The United States Savings Bonds form no part of the estate of this decedent, since upon his death, the widow became the owner thereof by her right of survivorship. (Personal Property Law, § 24; *Matter of Deyo,* 180 Misc. 32.)

In considering the rights of the parties to the moneys on deposit in the bank account, the question presented must be decided according to common-law principles since the account although in form joint, is not in the statutory form. (*Brumer v. Brumer,* 223 App. Div. 186.)

An examination of the pertinent authorities discloses that the following rule of law applies to the case at hand. A bank account or any other investment in personalty taken in the joint names of husband and wife upon the direction of the husband, confers upon the wife the right to succeed by survivorship when the security arises from the husband's sole money or property, in the absence of a different intent declared at the time of execution. It is presumed that the husband intended to benefit his wife with the ownership of the property upon his death. (*Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563.)

The moneys which make up the balance on deposit in the bank, constitute moneys which the widow was able to save solely out of the moneys advanced by the decedent for household expenses. Under the law, these savings by the wife continued to be the sole property of the husband. (*Matter of Ekins,* 126 Misc. 1, 6.) Therefore the deposit of these moneys in the account in the joint names of husband and wife must be presumed to have been done with an intention to create a right of survivorship in the wife, in the absence of proof to the contrary. (*Belfanc* v. *Belfanc, supra,* and cases cited therein.)

Nothing has been shown by the executors which would establish an intention at variance with this presumption. The fact that no withdrawals could be made from said account unless both the petitioner and the decedent signed the withdrawal slip is, in the opinion of the court, insufficient to rebut such presumption. (*Brumer* v. *Brumer, supra.*)

The contentions of the petitioner are therefore sustained. Settle. decree accordingly.