In the Matter of the Accounting of FRANK O. RICE, as Surviving Administrator of the Estate of WILLIAM C. RICE, Deceased. JAY D. RICE, as Administrator of the Estate of FRANK O. RICE, Deceased, Appellant; EDITH R. BAILEY et al., Respondents.—Decree modified on the law and facts in accordance with the memorandum and as modified affirmed, with costs to the appellant, and matter remitted to the Surrogate's Court for further proceedings. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The sole determinative factor in this controversy relates to the ownership and disposition of a certain interest account in the Bank of Hammondsport standing in the name of " Wm. C. Rice or Nancy C. Rice," they being husband and wife. Under the general rule, where a person deposits his own money in a bank in the name of himself and another, not his wife, the presumption, in the absence of other evidence, is that it was done for purposes

of convenience only. (*Matter of Bolin,* 136 N. Y. 177.) However, when such an account is opened in the name of a husband and wife, it is presumed that the husband intended to benefit the wife to the extent at least, of conferring upon her the right to survivorship. (*West* v. *McCullough,* 123 App. Div. 846, affd. 194 N. Y. 518; *Matter of Kelly,* 259 App. Div. 1024; *Matter of Meehan,* 59 App. Div. 156; *Brumer* v. *Brumer,* 223 App. Div. 186; *Matter of Thompson,* 167 App. Div. 356, affd. 217 N. Y. 609; *O'Connor* v. *Dunnigan,* 158 App. Div. 334, affd. 213 N. Y. 676.) Accordingly, we find and determine that in the absence of evidence to the contrary the proceeds of this account became the sole property of the wife, Nancy C. Rice, by right of survivorship, upon the death of her husband and, therefore, form no part of his estate. We do not find credible evidence sufficient to support the finding that Frank O. Rice, deceased, either individually or as administrator of the estate of William C. Rice, received the proceeds of this account. Eliminating from the account this item amounting to $2,035.66, it becomes apparent that each of the heirs has heretofore received a sum equal to or exceeding his distributive share, and therefore it was neither necessary nor proper to surcharge the account of the deceased administrator. There being no funds in the estate for which the administrator is accountable, the provision for attorneys' fees and disbursements should also be deleted from the decree. All concur. (Appeal from a decree surcharging the estate of the deceased administrator with certain amounts.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

1