Frank J. Kronenberg, S.
Decedent William F. Brusso was the owner of an account in a Lockport savings bank. Shortly before his death he signed a signature card transferring said account from his sole name into a joint account with himself and Almina S. Larsen, an acquaintance of many years. Subsequent to his death, his administrator instituted this proceeding to have the transfer of the savings account into a joint one set aside, so that said account would be a part of decedent’s estate. The basis of the application is that the transfer was made through fraud and undue influence exercised by the transferee and at a time when decedent lacked competency to know what he was doing.
The circumstances of the transfer distinguish this case from the Fenelon case (Matter of Fenelon, 262 N. Y. 57, 308) in that (.he signature card which was signed by decedent specifically and lucidly stated that it created a joint account with right of survivorship.
*1000 The Creekmore case (Matter of Creekmore, 1 N Y 2d 284) holds that the burden of showing fraud and undue influence is on the person attempting to impeach the transfer. Here, such burden was not met, and there is no evidence which would justify the court in finding that the transferee exercised any undue influence or committed any fraud.
The Creekmore case (supra) seems to indicate that the burden of showing that the transferor was competent and realized what was being done is on the transferee. In this case the burden as to competency was met, the testimony of Dr. Macaluse being very helpful to the transferee.
As to the decedent’s being aware of what he was doing, it appears that he or any other competent person could scarcely fail to see that the card which he was signing opened a joint account. In the Creekmore case (supra) the evidence showed that the decedent wanted a power of attorney, but certain banks strongly discouraged this proposed modus operandi, and the decedent’s funds were transferred into the joint account as a substitute for the use of a power of attorney. There were no such circumstances in the instant case. While it appears there was some discussion between the transferee and a representative of the bank concerning use of the funds to pay medical bills of the then ailing decedent, it was also testified by the same witness that the transferee stated that a purpose of the joint deposit was to benefit the transferee personally.
Under the evidence and the applicable law, this court finds that respondent Almina S. Larsen is entitled to said deposit, and the petition of the administrator with regard thereto is dismissed.