■ LAWRENCE LOMBARDI, Appellant, v. FIRST NATIONAL BANK OF HANCOCK, Defendant. FIRST NATIONAL BANK OF HANCOCK, Defendant and Interpleading Plaintiff, v. PHILOMENA GAMBINO, as Executrix of ANGELA M. LOMBARDI, Deceased, Interpleaded Defendant-Respondent.— REYNOLDS, J. Appeal from an order of the Supreme Court, Delaware County, granting respondent's motion for summary judgment. On September 4, 1962 an account was opened in the First National Bank of Hancock in the name of " Angela Marion Lombardi or Lawrence Lombardi ". After Angela Lombardi's death on September 19, 1963, appellant brought the instant proceeding against the First National Bank to secure the balance in the account. The First National Bank in turn interpleaded respondent, executrix under Angela Lombardi's will, who also claimed the account on behalf of the estate. Respondent moved for summary judgment and it is from an order and judgment granting this relief which the present appeal is brought. It is clear that since the account as opened did not contain the required statutory language, " to the survivor ", the appellant cannot obtain any benefit from section 134 of the Banking Law (e.g., *Matter of Fenelon*, 262 N. Y. 57; *Matter of Rider*, 16 A · D 2d 1014). Appellant, however, asserts that this does not preclude establishing survivorship rights under the common-law rules, citing *Brumer* v. *Brumer* (223 App. Div. 186). But, even if we construe appellant's complaint to include a claim under the common law, appellant has produced no competent evidence to show that the account was created for any purpose other than convenience. Rather the prior activity of appellant in managing his mother's affairs is consistent with the assumption of such purpose rather than as claimed by appellant the establishment of a gift. And since the appellant and the decedent were not husband and wife as in *Brumer*, there is no presumption at common law that a right of survivorship was intended. Appellant contends, however, that his affidavits and the transcript of his testimony taken before trial, although inadmissible under CPLR 4519, were sufficient to preclude the granting of summary judgment (see *Raybin* v. *Raybin*, 15 A D 2d 679; *Bourgeois* v. *Celentano*, 10 A D 2d 824, mot. for rearg. and mot. for lv. to app. den. 11 A D 2d 648; cf. *Ditkoff* v. *Prudential Sav. Bank*, 245 App. Div. 748), but in our opinion, where as here, the only evidence is incompetent and it is abundantly clear that no additional evidence can be adduced at the trial, summary judgment was properly granted (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4519.06). Order and judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.