John E. Tobin, J.
This is a motion upon an order to show cause for an order vacating and setting aside an execution made by a Deputy Marshal of the City of Yonkers, and staying all proceedings herein upon the grounds that the property levied upon is not the property of the defendant.
The matter was originally submitted (to the court) on January 13, 1970, and after reviewing the papers submitted and determining that there were insufficient facts upon which a decision could be made, the court set the matter down for a traverse on January 23,1970 which was held before me on that date.
From the testimony submitted, it appears that on October 3, 1969, a judgment was entered in this court in favor of the plaintiff against the defendant in the amount of $5,451.90. Based upon that judgment, an execution was issued and a levy made against the savings account No. L-5326 in the Bank of Commerce which is entitled 1‘ Maria Chietera, either/or Andrew J. Panessa ” and in which there is a balance of $8,536.91. On or about May 1,1955, one Maria Chietera opened the bank account in question in her own name and continued to make deposits therein until 1962 when she had the caption of the account changed by the bank to 1 ‘ Maria Chietera, in trust for Mr. & Mrs. Bartholomew Panessa ”, the additional names being those of her uncle and aunt, and she continued to make deposits in the said account until their deaths. On May 13, 1969, the said Maria Chietera, without notifying the defendant, Andrew J. *897 Panessa, again changed the title to the said bank account to “ Miss Maria Chietera either/or Mr. Andrew Panessa ”. Miss Chietera, who could neither read, write nor speak English and testified through an interpreter, that the reason for the change in the title of the account was that in the event that she became ill and was unable to handle her affairs, she relied upon the defendant, Andrew J. Panessa, her cousin, and the only living relative in this country, to take care of her affairs for her. She testified that all of the deposits made in the account in question were her own money, that the bankbook was solely in her possession, and that the defendant never made any deposits in, or withdrawals from the said account.
The defendant corroborated that testimony and testified that he never loaned Miss Chietera any money and she never owed him any, and that the only moneys ever deposited in or withdrawn from the account were moneys owned by Miss Chietera. The bank’s representative testified that there was such a bank account, that it had been changed as testified to by Miss Chietera, and that the ledger of the bank carried the legend “ as joint tenants with right of survivorship ” although this legend did not appear on either the account passbook or the signature card. There was no evidence submitted by the plaintiff to controvert such testimony.
The plaintiff contends that the account having been opened in the form of “ either/or ” is a statutory áccount and the ownership thereof should be determined by the banking statutes and not by the common law. The defendant who is a judgment debtor of the plaintiff, opposes this contention upon the grounds that it was never the intention of the depositor, Maria Chietera, to create a joint account as such, but rather as a matter of convenience in the event that she became incapacitated.
The question of the ownership of so-called “joint” bank accounts has been a troublesome one before the courts for many years. The Legislature has stepped into the situation and has enacted various statutes relative thereto, the last of which is section 675 of the Banking Law, formerly sections 134 and 239, and the courts have on many occasions interpreted those statutes in various decisions.
Section 675 of the Banking Law provides as follows: “ (a) When a deposit of cash, securities, or other property has been made or shall thereafter be made in or with any banking organization * * * in the name of such depositor or shareholder and another person and in form to be paid or delivered to either, or the survivor of them, such deposit or shares and any additions thereto made, by either of such persons *898 * * * as joint tenants and the same, together with all additions and accruals thereon, shall be held for the exclusive use of the persons so named, and may be paid or delivered to either during the lifetime of both or to the survivor after the death of one of them * * *.
“(b) The making of such deposit or the issuance of such shares in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding to which the banking organization, foreign banking corporation, surviving depositor or shareholder is a party, of the intention of both depositors or shareholders to create a joint tenancy and to vest title to such deposit or shares, and additions and accruals thereon, in such survivor.”
It has been held in the various decisions that the mere form of the account in a case such as the case at bar, will not be regarded as sufficiently establishing the intent of the person making it to create a trust in behalf of another or to give such another joint interest in or ownership of the deposit (Havens v. Havens, 126 Misc. 155, 157, 158; Kelly v. Beers, 194 N. Y. 49, 55; Matter of Beaver, 117 N. Y. 421, 430; Matter of Bolin, 136 N. Y. 177, 179).
The statutory presumptions created by the Banking Law providing that a deposit in the names of a depositor and another do not take effect unless the form of the deposit, as made, has been sanctioned by the owner ■ of the moneys directed to be deposited (Matter of Fenelon, 262 N. Y. 57, 59). To come within the statute, the form of the deposit must be in strict conformity with that expressed in the statute or the statute will not apply (Matter of Fenelon, 237 App. Div. 285).
The deposit in this case in the joint names raised no presumption-of the existence of an attempt or an intent to give. That might have been simply for the purposes of convenience (see Matter of Orrico, 52 N. Y. S. 2d 818, 819). The only evidence in the case presented at the traverse in regard to the intent of the depositor in creating the account was the testimony of the depositor who could neither read, write nor speak English, which was corroborated by the defendant, and was to the effect that the only reason she established the account in the form in which it now appears was for the purposes of convenience. This was uncontroverted.
In addition, the only evidence anywhere in the bank’s records of any -evidence that the depositor intended the account to be one with the right of survivorship is in its ledger which was solely in the bank’s possession and no proof was offered that the depositor knew of such entry or ever saw it.
*899 Where a savings account such as is in question here is not made payable to ‘ ‘ either or the survivor ’ ’ of the two persons named in the account and there is no evidence that the account was intended for any purpose except the convenience of the depositor, no presumption raised by the statute applies (Matter of De Fonce, 26 A D 2d 819).
■The court therefore finds that the account number L-5326 in the Bank of Commerce entitled 1 ‘ Maria Chietera, either/or Andrew J. Panessa ” is not in the form described by subdivision (a) of section 675 of the Banking Law, and from all the papers submitted and the testimony of the witnesses, the conclusion must therefore be that it is presumed to have been arranged for the purposes of convenience. The motion is therefore granted.