William J. Regan, S.
This is an application by the petitioner as administratrix of the goods and chattels of the deceased, Benedict Syroczynski, to recover from the respondent, Caroline Syroczynski Colliard, certain assets which are claimed to belong to the estate of the deceased. A hearing was had pursuant to this petition and the facts are substantially stipulated as follows: The deceased during his lifetime established a number of joint bank accounts, making the respondent a joint tenant with him in said accounts. There is no dispute with respect to several of said accounts which were valid joint accounts and passed directly to the respondent upon the death of the deceased. The dispute in the instant proceeding concerns an account at the Swiss Credit Bank, said account having a balance of approximately 76,670.40 Swiss francs (worth about $24,872.86 on the date of decedent’s death). The central issue in this proceeding is that of ownership of this account.
The testimony at the hearing was to' the effect that the deceased, prior to April 29, 1974, the date upon which the account was opened, considered opening said account because he was concerned about the stability of the American econ *59 omy. In February of 1974 the deceased and the respondent possessed a joint account at the Western N. Y. Savings Bank with a balance of $24,517.21. The respondent, on February 14, 1974, withdrew $10,000 from this account and deposited same in an account with the Chase Manhattan Bank in respondent’s name in trust for the deceased. On February 21, 1974, the deceased withdrew the sum of $10,000 from the same account and opened an account at the Chase Manhattan Bank in his name alone. On February 26, 1974, the respondent withdrew $1,000 from the joint account and deposited same to her account at the Chase Manhattan Bank. The decedent in April of 1974, withdrew the remaining balance of approximately $5,500 from the joint account at the Western N. Y. Savings Bank, and $9,500 from the account which he had opened at Chase Manhattan Bank. The respondent withdrew the funds she had deposited as aforesaid, which, together with the accrued interest thereon, totaled $11,068.43. This amount was withdrawn by making a check payable to the decedent.
The decedent then drove to New York City on April 29, 1974, and deposited all of these funds, totaling $26,068.43, in the Swiss Credit Bank. The decedent executed a contract for the opening of a current account as provided by the Swiss Credit Bank. The contract indicates that the account be opened in the names of "Mr. Benedict Syroczynski and/or Mrs. Caroline Syroczynski Colliard”. The decedent then returned to Buffalo with a contract which the respondent signed and mailed to the Swiss Credit Bank. The Swiss Credit Bank on May 7, 1974, apparently executed the contract, and a copy of same was remitted to the decedent and the respondent. On June 24, 1974, approximately two months after the account had been opened, the decedent died.
The decedent was survived by his wife, Jane H. Syroczynski, the administratrix in this proceeding, to whom he had been married for approximately 22 months. In addition, the decedent was survived by a brother and two sisters, one of whom is the respondent.
The respondent, after the death of the decedent, corresponded with the Swiss Credit Bank, and had the account changed to her name alone, and had her husband named as attorney in fact.
The initial question in this proceeding is one of conflict of law as to whether to apply the law of New York State or the law of Switzerland to determine the ownership of the Swiss *60 account. It has been stipulated by counsel that Swiss law does not recognize the concept of the right of survivorship on a joint tenancy. Inasmuch as the decedent and the respondent are residents and domiciliaries of New York State, it would appear that New York law should apply. Paragraph 4 of the contract, which is the basis of the Swiss account, states that in the case of two depositors, they enjoy the rights of joint creditors within the meaning of article 150 of the Swiss Federal Code of Obligations. A translation of that code has been stipulated by the parties. It is apparent that that section merely provides that payment to one of two depositors relieves the bank of liability, as between the bank and the depositor, and further, that this relationship continues with the surviving depositor in the event of the death of the other. The contract does not attempt to apply Swiss law to the relationship between the two depositors. The contract states in paragraph 14 that "All relations between the client and the bank are subject to Swiss law.” It does not purport to make any determination as to the legal relationship between the depositors inter se.
Several Court of Appeals decisions have outlined the theory of law with respect to the conflict’s question and the application of these decisions leads to the conclusion that the law of New York State should apply. (Tooker v Lopez, 24 NY2d 569; Matter of Crichton, 20 NY2d 124.)
The petitioner maintains, however, that Swiss law should be applied to interpret the terms of the "contract of deposit” which was entered into by the parties in order to determine the relationship of the parties with respect to the account.
What is then the relationship between the respondent and the decedent to the proceeds of the account? Was a joint account created pursuant to section 675 of the New York State Banking Law? Was a joint tenancy created under the general principles of law, or was a tenancy in common created?
Section 675 of the Banking Law provides that when money is deposited in any banking organization, including a foreign banking corporation transacting business in the State, "in the name of such depositor or shareholder and another person and in form to be paid or delivered to either, or the survivor of them, such deposit * * * shall become the property of such persons as joint tenants”. The history and application of *61 section 675 indicates that the law was enacted so as to eliminate any doubt or confusion as to the legal status of certain joint savings accounts in New York State and therefore promoting certainty in banking commerce. The Legislature was very specific in enacting the section by stating in unequivocal language that any joint deposit made "in form” prescribed constituted a presumption of an intent to make an immediate gift, and upon the death of one, to vest complete ownership of the whole in the survivor. Somewhere, therefore, in the contract with the bank, the language must be used that would permit the bank to pay or deliver to either or the survivor of them, the balance of the account. The requirements of section 675 must be strictly adhered to. (Matter of De Fonze, 26 AD2d 819; Roth v Panessa, 62 Misc 2d 896; Lombardi v First Nat. Bank of Hancock, 23 AD2d 713.) The "contract” in the instant proceeding does not contain the phrase "joint tenants” or the phrase "or the survivor of them”, nor is the word "survivor” used at all. The "contract” was designed and drafted by Swiss Credit Bank to protect the bank in dealings with the depositors and not to legislate or promulgate the legal rights of the depositors as between themselves. Section 675 of the Banking Law was designed to protect not only the bank, but also to establish and define ownership rights between the codepositors in the event of the death of one of them.
The respondent argues that the language of section 675 need not be specifically used in the creation of a joint account. The cases, however, cited by counsel do in fact, upon examination of same, use the word "survivor”, which is not used in the Swiss agreement.
The court is satisfied that a joint account as is provided for in section 675 of the Banking Law was not in fact created in the opening of the Swiss bank account, and therefore the rights of survivorship do not apply.
It is conceded that the moneys deposited in the Swiss account were in fact the proceeds from a joint account as defined by section 675 of the Banking Law, and the owners of said account enjoyed certain rights to the moneys on deposit, as well as the right of ownership of the entire account on the survivorship of the co-owner. The testimony at the hearing clearly indicated that the deceased and the respondent knowingly withdrew the moneys from the joint account for the purpose of opening a Swiss bank account. This mutual with *62 drawal by the parties effectively terminated their rights as joint tenants pursuant to section 675 of the Banking Law.
Learned counsel for the respondent maintains that the respondent is entitled to the proceeds on the basis of the Matter of Filfiley (63 Misc 2d 824, affd 43 AD2d 981). The Filñley case was recently reversed by the Court of Appeals in the Matter of Kleinberg (38 NY2d 836), and even if not reversed, would not have been applicable in the instant proceeding.
It was probably the intention of the parties to create a joint account as envisioned by section 675 of the Banking Law, but unfortunately did not accomplish this result. The Swiss account which was opened, therefore, is an account which was held by the parties thereto as tenants in common, with each party having ownership of one half of the account. Mrs. Caroline Syroczynski Colliard, the sister of the decedent, accordingly is the owner of one half of the account and must deliver the other half to the administratrix of the estate of Benedict Syroczynski.
The court therefore grants the petition of the administratrix and directs that respondent, Caroline Colliard, deliver unto her at least one half of the Swiss account which was on deposit at the time of decedent’s death, together with interest accumulated thereon.